THE MARY A. BICKEL,

THE POCOMOKE.

COLUMBIA DREDGING CORPORATION et al. v. NEW YORK, P. & N. R. CO. et al.

No. 3091.

Circuit Court of Appeals, Fourth Circuit.

Feb. 7, 1931.

Leon T. Seawell, of Norfolk, Va. (Hughes, Little & Seawell, of Norfolk, Va., on the brief), for appellants.

Barron F. Black, of Norfolk, Va. (Willcox, Cooke & Willcox, Vandeventer, Eggleston & Black, and Braden Vandeventer, all of Norfolk, Va., on the brief), for appellees.

Before PARKER, Circuit Judge, and WEBB and GLENN, District Judges.

PER CURIAM.

On the morning of January 16, 1929, two mud scows towed by the tug Mary A. Bickel sank about 2½ miles north of the shore line between Willoughby Spit and Cape Henry, directly off Little creek, which provides an entrance to the Pennsylvania Railroad terminals. That afternoon the Bickel returned

with two buoys for the purpose of marking the location of the sunken scows as required by law; but the buoys were placed, not directly over them, but some distance away. Early next morning the tug Pocomoke, bound for the Little creek terminal, collided with one of the sunken scows and sustained serious damage. It appears that the tug's lookout sighted the lantern on the offshore buoy, and that she changed her course to starboard and avoided striking the buoy by 250 feet. She struck the submerged scow, however, because the buoy was not over it but approximately 180 feet distant. The judge below held the tug Bickel and her owner guilty of negligence in not properly marking the sunken scows as required by 33 USCA § 409; and, from a decree assessing against them the damages sustained by the Pocomoke, they have appealed.

We think that the decree below should be affirmed, as the damage sustained by the Pocomoke was clearly due to the negligence of the Bickel in failing to properly mark the location of the sunken scows as required by the statute. The contention of respondent that the Pocomoke was not maintaining a proper lookout is without merit. The evidence shows that two men were on the lookout in the pilot house; and there can be no doubt that, under the circumstances of the case, this was a more advantageous point for maintaining a lookout than at the bow of the tug. Furthermore, the proximate cause of the damage to the tug was not the failure to maintain the lookout, but the failure to properly mark the sunken scows. As said by the learned judge below[1]:

"The evidence is convincing that the Pocomoke ran on the outshore barge. It is equally convincing that the navigator of the tug saw the buoy, presumably marking the wreck, in time to avoid it, and did avoid it, but that the stranding occurred nevertheless and this is true only because the marking buoy was improperly placed, and at least 150 to 200 feet distant from the location of the barge. In such a case, it was misleading rather than helpful; did not mark the wreck, and was therefore not a compliance with the duty imposed by the Act. In view of what I have just said, it will be unnecessary to discuss the negligence charged against the tug in not seeing the buoy and avoiding it, as well as the allegation of fault because of failure to have a lookout on the bow."

---

[1] In memorandum for counsel.

The learned judge had the advantage of seeing and hearing the witnesses, and was familiar with the location in which the collision occurred. We have given careful study to the record and briefs and the able argument of counsel, but we find nothing which would justify us in reversing the judge's conclusion on the facts, which are to be followed by us unless clearly wrong.

Affirmed.