THE CLAREMONT.

THE HELEN F. SMITH.

THE ELIZABETH M. WALDIE.

THE POCAHONTAS.

W. E. HEDGER TRANSP. CORPORATION v. CORNELL STEAMBOAT CO.

District Court, S. D. New York.

July 13, 1937.

164

Foley & Martin, of New York City (John R. Stewart, of New York City, of counsel), for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Robert S. Erskine, of New York City, of counsel), for respondent-claimant.

LEIBELL, District Judge.

The respondent-claimant, Cornell Steamboat Company, filed exceptions to the original libel herein and its exceptions were sustained by Judge Patterson. Leave was granted to file an amended libel.

The same respondent has filed exceptions to the amended libel and now moves to sustain said exceptions.

There are two points of difference between the original and the amended libel. First, the Transmarine Transportation Corporation was named as a respondent in the original libel. It is not so named in the amended libel. I am informed that the reason for this is the fact that in the meantime Transmarine has instituted proceedings for limitation of liability and further proceedings against it are enjoined. However, for the purposes of the argument of the exceptions filed by the Cornell Company, this point is immaterial.

Both the original and amended libel allege that during the morning of October 25, 1936, the barge Transmarine No. 113, owned by the Transmarine Transportation Corporation, while in a fleet tow in charge of the tug Pocahontas (owned by the Cornell Company), sank in the Hudson river near West Flats Light. The following morning the tug Claremont, with the barges Smith and Waldie in tow, was proceeding down the Hudson, and struck the submerged barge. The tug and barges were damaged.

Both original and amended libel allege that the sinking of the Transmarine No. 113 was due to her unseaworthiness of which the respondent, Cornell, and the officers of the tug, Pocahontas, had notice before taking the barge in tow. The original libel alleged, in addition, that after the sinking of the barge, the respondents failed to mark the wreck "as required by law." Judge Patterson has held these allegations insufficient upon which to predicate any liability against the respondent, Cornell. His decision is in accord with the decisions of the Circuit Court of Appeals of this Circuit in Red Star Towing & Transp. Co. v. Woodburn, 18 F.(2d) 77, The R. J. Moran, 299 F. 500, and The Anna M. Fahy, 153 F. 866, which enunciate the rule, under 33 U.S.C.A. § 409, that the owner of the sunken barge, not the tug, is responsible for marking the wreck.

The amended libel goes on to allege (and this is the second point of difference) that the Pocahontas, pursuant to instructions received from its owner, the Cornell Company, returned, during the forenoon of October 25, 1936, to the location of the sunken barge, and "volunteered" to mark said location, but "carelessly and negligently failed and omitted" to do so, merely anchoring a small piece of plank some distance laterally from the wreck. It is further alleged that "by reason of the existence of said improperly and negligently marked wreck and the position in which she was lying in the navigable waters of the Hudson river," the tug Claremont and the barges Smith and Waldie were damaged.

I am of opinion that the amended libel fails to state a cause of action against the respondent, Cornell. It is the law of this case that the failure of the Pocahontas to mark the wreck is insufficient to impose liability upon the tug or her owner.

Libelant argues that when the tug "volunteered" to mark the wreck, it assumed a duty to place there a marker that would meet with the requirements of the statute.

I am unable to agree with this contention. There is no allegation that the manner in which the plank was placed in the river was the cause of the fouling of the wreck. There is no allegation that libelant was misled by the position of the plank, as appears to have been the case in The Mary A. Bickel (C.C.A.) 46 F.(2d) 988, relied upon by libelant. In that case the libelant, owner of the Pocomoke, misled by the position of the marker as placed by the Bickel, steered a course that took the Pocomoke and its tow upon the wreck. In this case the allegation that the plank-marker was anchored by the Pocahontas "not over, but some distance laterally from the wreck" is not supplemented by any allegation that by reason of that fact the libelant, owner of the Claremont, was either misled as to the actual location of the wreck or steered a course that brought it upon the wreck. In fact, there is no allegation that the libelant considered the plank a marker or that its course was in any way determined by the position of the marker.

The allegations in the amended libel mean nothing more than that the fouling of the sunken barge was due to the failure to mark its location in the river. It has already been determined in this case that the tug and its owner were under no duty to mark the location of the wreck.

The exceptions to the amended libel are sustained. Settle order on notice.