## MOLESPHINI v. BRUNO.
### No. 36.

District Court, E. D. New York.
Jan. 23, 1939.

Harry Hartman, of New York City, for plaintiff.

R. Robinson Chance, of Jersey City, N. J., for defendant.

MOSCOWITZ, District Judge.

This is a motion for an order striking out the third defense. The action is one for personal injuries. The plaintiff claims that he was struck by defendant's automobile while it was being operated in the Borough of Manhattan, City and State of New York. The defendant is a resident of the State of New Jersey.

The United States Marshal, pursuant to Section 52 of the Vehicle and Traffic Law of the State of New York, delivered a copy of the summons to the Secretary of State of New York, at his office in the Borough of Manhattan, City of New York, and sent a copy thereof, with a copy of the complaint and a notice to the effect that such summons had been delivered to the Secretary of State, to the defendant, at her residence in New Jersey.

Thereafter, a motion was made by the defendant to quash the service of the summons upon the ground that the summons had been delivered to the Secretary of State in the Southern District of New York, and that therefore the service was not good. Judge Abruzzo filed an opinion on November 23, 1938, deciding that the service was properly made and denied the motion of the defendant to quash the service of the summons.

Defendant in her third defense sets up the same facts as contained in the motion decided by Judge Abruzzo.

The motion to quash was properly made under Rule 12(b) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c which provides: "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief."

That motion having been decided by Judge Abruzzo, there is nothing in the Rules to permit the defendant to again, by way of answer, raise the same defense disposed of by Judge Abruzzo. The defendant argues that, unless she is permitted to raise the defense by answer, she will waive her objection to the jurisdiction. Having once raised the question of jurisdiction she is amply protected and in the event of an adverse verdict on appeal, that question may be presented. This interpretation is apparently not contrary to the intentions of the framers of the Rules as is evidenced by the statement of former Attorney General Mitchell in the report of the proceedings of the American Bar Association Institute at Cleveland in 1938, at page 381, in which he stated in answer to a question whether one submits to the jurisdiction by raising one or more objections under Rule 12(b):

"Clearly not. The rule expressly states that joining any of these defenses does not operate as a waiver of either of them. The present rule is that if you want to attack the service of the process you must do so before you plead to the merits. If you once go into court, under the present system, and raise the merits, you are waiving the question that you have not been brought into court by proper service of the summons. The present system is to make that motion to set aside the service in advance; and then, if it is denied, you go on and try your case on the merits, and when the case is on appeal you can ask the upper court to reverse for error in refusing to set aside the service.

"Now under the new system you do not have to label an appearance as general or special. You do not under the present system. The Supreme Court has said that the nature of an appearance depends on the essence of what you are asking for and not the label you attach to it. But under this present system you can put all your defenses in the answer if you want to. The motion method is optional. You can put in your answer a defense to the merits, and a contention that there was not adequate service of the process; and the court can hear all those defenses together or it can hear the process point first, and the presence of the defense to the merits and the objections to the service of process in the same document presented at the same time does not operate as a waiver of the process point. That is said in just plain words and there is an express statement in the rules relating to the manner of raising defenses."

Motion to strike out the third defense will be granted.

Settle order on notice.