Lewis F. Glaser, of New York City, for plaintiff.

Charles Pratt Healy, of New York City, for defendants.

**PIEST v. TIDE WATER OIL CO. et al.**

District Court, S. D. New York.

April 27, 1939.

HULBERT, District Judge.

Plaintiff moves (1) for a more definite statement by the defendants admitting or denying each allegation of the plaintiff's bill of particulars and supplemental bill of particulars: (2) to strike out the second alleged affirmative defense of the defendants' answer on the ground that the issues raised thereby have been passed upon by a previous order of this court and that the alleged defense is redundant and immaterial; and (3) for the production, inspection and copying or photographing of certain documents.

This action was originally instituted in the Supreme Court of the State of New York and removed here.

Prior to answer, defendants moved in this court for a bill of particulars, which was granted in its entirety. Thereafter, defendants obtained a further bill. Under Rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, both of these bills became a part of the

1021

complaint and necessarily amplified the allegations set forth in that proceeding.

The defendants then interposed an answer which plaintiff asserts denies only the original allegations of the complaint and disregards the additional allegations contained in the two bills of particulars.

What the plaintiff, in effect, seeks, is a direction to the defendants to answer the matters set forth in the bills of particulars in amplification of the complaint, and for which there is no such authority in the Federal Rules of Civil Procedure.

If this action had remained in the State Court, under the practice there prevailing, the motions originally made by the defendants would have been addressed to the complaint solely to make it more definite and certain, and to the extent that the motion was granted, it would have been necessary for the plaintiff to have reframed his complaint and the answer would have been directed to such paragraphs as reframed.

■ Under the practice laid down in the Federal Rules of Civil Procedure there is no such reframing of a pleading but after the bill is served it is left open to conjecture whether or not the denials in an answer are made with reference to the complaint as originally served or as amplified. The Rules being intended to effect a simplification, a statement of a cause of action with the greatest brevity is to be desired. The motion, therefore, is denied as to item 1.

■ In this case it happened that the defendants previously moved to dismiss the complaint as supplemented by the plaintiff's bill of particulars and further bill of particulars on the ground that it failed to state a claim against the defendants upon which relief could be granted.

In denying the motion, the court said: "The complaint in this action alleges an agreement under which the plaintiff was to receive commissions on renewal of sales. I think this is sufficient against a motion to dismiss. Whether the Statute of Frauds has any application is at least doubtful; See Warren Chemical & Mfg. Co. v. Holbrook, 118 N.Y. 586, 23 N.E. 908, 16 Am. St.Rep. 788; but in any event the question should be presented by affirmative defense under Rule 8(c)." D.C. 27 F.Supp. 1020.

The answer is substantially a denial of the allegations of the complaint and there are plead two affirmative defenses: (1) the statute of frauds, and (2) that the complaint fails to state a claim against the defendants, or either of them, upon which relief can be granted.

As to the latter, counsel for the defense points to Rule 12(h) which says: "A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, except (1) that the defense of failure to state a claim upon which relief can be granted, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings *or at the trial* on the merits * * *". (Italics supplied)

I consider that the law of the case has been established as to this latter affirmative defense and the plaintiff is entitled to go to trial upon that assumption, but he must establish his cause of action, and at the close of his case, or the whole case, the defendant will not be precluded from moving to dismiss on the evidence, which is quite another proposition. The defendant is still entitled to rely upon the statute of frauds. Whether it has any application will be less doubtful when the facts have been developed on the trial.

With respect to the motion for production and inspection: the defendants have consented to items 2, 3 and 4 unconditionally, and items 1, 5 and 8 in part.

■ The plaintiff seeks to have the defendants produce all correspondence between the plaintiff and the defendant Tidewater Oil Company, *or any of its subsidiaries,* and all letters, cables and memoranda that passed between Messrs. Du Pont, *vonBorcke,* Thompson, Ryerson and H. L. Shea, relating to or in any way affecting the plaintiff *and/or Romsa (an Italian subsidiary) business.*

The defendant Tidewater Oil Company objects only in so far as its unnamed subsidiaries and von Borcke and Romsa are concerned. I think the defendant's attitude is justifiable and the motion as to 1, 5 and 8 is granted with that modification.

The motion as to items 6 and 7, and their several subdivisions, and item 9, are denied, without prejudice, however, if further developments make a renewal of the motion as to those particulars appropriate. Settle order on two days' notice.