### ENGLER v. GENERAL ELECTRIC CO.

District Court, S. D. New York.

Sept. 19, 1939.

914

Richard A. Engler, plaintiff in person.

Alexander C. Neave, of New York City, for defendant.

MANDELBAUM, District Judge.

The defendant's motion addressed to the second amended complaint seeks the following relief: First, a dismissal of certain causes of action contained in the complaint; second, to strike out certain matter from the complaint; and third, to direct the plaintiff to serve a bill of particulars.

### The Motion to Dismiss.

The plaintiff appears in person. A detailed discussion of the facts is unnecessary. The sufficiency of the plaintiff's first amended complaint was considered by Judge Hulbert who, in an opinion dated July 31, 1939, carefully set forth all the necessary facts and the authorities governing the situation, and dismissed the complaint for lack of jurisdiction over the subject matter with leave to the plaintiff to amend his complaint. 29 F.Supp 421.

The second amended complaint which is now before this court is being again challenged by the defendant as containing the same vices inherent in the former complaint. The court has studied both the present and previous complaints, the defendant's memorandum, the plaintiff's answer thereto, as well as two communications addressed by the plaintiff to the court, dated August 30, 1939, and September 16, 1939, respectively.

It appears that the plaintiff has reincorporated once again causes of action which Judge Hulbert had dismissed for lack of jurisdiction. In addition the plaintiff has added new causes of action charging the defendant with patent infringement and interference. From the plaintiff's answer to the defendant's motion, it would seem that he has abandoned his causes of action for the cancellation of the Alexanderson patents and for a declaratory judgment. There is therefore remaining in the complaint an action to recover damages for fraud, patent infringement and interference.

Judge Hulbert's decision on the jurisdictional questions involved is the law of the case and should be followed by this court. Irrespective of this, however, the court has considered the fact that the plaintiff is not being represented by counsel and has again examined the questions

involved. From an independent study of the entire matter, the court has reached a similar decision. An action for damages based on fraud is one involving a common law tort and this court can only obtain jurisdiction through diversity of citizenship which is non-existent here (the plaintiff and defendant are citizens of the State of New York). The combining of this cause of action (fraud) with ones of pure federal jurisdiction (patent infringement and interference) does not thereby confer jurisdiction upon this court to entertain the action for fraud because they do not rest upon identical facts. They are distinctly federal and non-federal causes of action. Each cause of action must contain its own basis for federal jurisdiction. This case differs materially from the Hurn v. Oursler, 289 U.S. 238, 246, 53 S.Ct. 586, 77 L.Ed. 1148, which held that an action for copyright infringement and unfair competition may be properly joined in one action and Mitchell & Weber v. Williamsbridge Mills, D.C., 14 F.Supp. 954, which held that an action for declaratory judgment may be properly joined with an action for unfair competition. In both these cases the various causes of action depended upon identical facts and consequently were held to be properly joined.

It is the conclusion of the court that the complaint merely states causes of action for patent infringement and interference, and will be dismissed with respect to the other causes of action therein alleged.

### Motion to Strike Certain Matter from the Complaint.

■ The court is mindful of the fact that the plaintiff is not schooled in legal phraseology and cannot be expected to comply with the requirements of the new rules, rule 8, 28 U.S.C.A. following section 723c, that a complaint contain a short and plain statement of the claim or claims. Nevertheless, the complaint in its present form contains statements which relate not only to the causes of action which the court has dismissed, but also matters which are irrelevant, argumentative and conclusions of law. The court is therefore constrained to grant this phase of the motion in accordance with the requests contained in the notice of motion.

### The Motion for a Bill of Particulars.

■ This phase of the motion will be denied. The court feels that there has been sufficient development of what the plaintiff claims to enable the defendant to prepare a responsive pleading. In any event, the defendant is not precluded from applying for such bill of particulars at a later date or from obtaining a broad examination before trial under the new rules. The defendant may have 20 days after entry of an order to answer the complaint.

Settle order on two days' notice.