## INTERNATIONAL PULP EQUIPMENT CO., Limited, v. ST. REGIS KRAFT CO.

### Civil Action No. 341.

District Court, D. Delaware.
March 2, 1945.

W. Reese Hitchens (of Hering, Morris, James & Hitchens), of Wilmington, Del., and Frank J. Dillon (of Dillon, O'Brien & Clark), of New York City, for plaintiff.

C. A. Southerland (of Southerland, Berl & Potter), of Wilmington, Del., and Horace R. Lamb (of Le Boeuf & Lamb), of New York City, for defendant.

LEAHY, District Judge.

This matter is here again, this time on motions of plaintiff (a) to strike certain portions of defendant's answer and (b) for a more definite statement of the second separate defense contained in the answer. This is the third time closely analogous matters have been before this court. Defendant filed a motion to quash the first writ [1] issued, served upon the Delaware resident agent of defendant corporation, on the ground defendant had been dissolved on September 30, 1940 and no trustees in dissolution and no receiver had been appointed for it under the Delaware Corporation Laws, and, therefore the action could not be maintained. The question was fully argued and briefed and while defendant's motion was sustained, its argument was repudiated. Defendant's second motion to dismiss the action and quash the writ raised the same question and was decided against it.[2] Defendant's motion for re-hearing was denied. Plaintiff's present motion to strike is directed at that portion of defendant's answer which again raises the same point.[3] Plaintiff's motion attacks that part of the answer because it is not responsive to the allegations of the amended complaint and is surplusage and has no place in the answer, since the matters stated have been presented in the earlier motions.

Plaintiff, in order to tag the issues, seeks a more definite statement of the second separate and complete defense in defendant's answer.[4] Plaintiff says the answer language is too indefinite and vague and it is unable to prepare for trial; and, moreover, the language is obviously intended to raise objections which have been already ruled upon by this court.

1. Plaintiff's motion to strike portions of defendant's answer is denied. It is true the matters raised by this portion of the answer have been considered and ruled upon. Under "the law of the case", then, the matters raised by the present motion have been decided adversely to defendant and will not be considered again by the nisi prius court. At trial, no evidence in support of limitation of action will be admitted. Under Molesphini v. Bruno, D.C., 26 F.Supp. 595, defendant would not lose any rights which it might have on appeal by the absence of such an allegation in its answer. If defendant insists on re-inserting such defense matter in its answer to protect its right on appeal, plaintiff is not harmed. Let defendant have its superabundance of caution.

2. Plaintiff's motion for more definite statement of the second defense in defendant's answer is likewise denied. The real basis of plaintiff's attack is that this portion of the answer is too indefinite and vague. This defense simply raises and repeats the question of limitation of action already ruled on. Clearly, plaintiff is amply protected by the former rulings on the first and second motions. The presence of this repeated defense in the answer can not prejudice or embarrass plaintiff.

An order may be submitted for dismissal of both plaintiff's motions.

---

[1] See International Pulp Equipment Co., Ltd., v. St. Regis Kraft Co., D.C. Del., 54 F.Supp. 745.

[2] See International Pulp Equipment Co., Ltd., v. St. Regis Kraft Co., D.C. Del., 55 F.Supp. 860.

[3] Defendant's answer alleges the following, in part: " * * * reserving the right to object to the jurisdiction of the Court and suggesting upon the record that the defendant was dissolved on September 30, 1940, that no trustees in dissolution and no receiver or receivers of the dissolved corporation have been appointed and that this action (if lawfully commenced) may not be prosecuted to final judgment,". Then follows the first separate and complete defense in the following language: "That the defendant was dissolved September 30, 1940 and that no trustees in dissolution or receiver or receivers of defendant have been appointed pursuant to the statutes in such case made and provided."

[4] The defense to which this motion is directed is as follows: " * * * that the action (if lawfully commenced) was not commenced within the period or periods limited by law for the commencement of an action upon the cause of action purportedly alleged in the amended complaint."