**HAESEN v. UNITED STATES et al.**
No. A–17956.

District Court, E. D. New York.
June 14, 1946.

Milton N. Redman, of New York City, for libelant.

T. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Kirlin, Campbell, Hickox & Keating, of New York City, of counsel), for respondents.

BYERS, District Judge.

Exceptions to amended libel in a cause under the Suits in Admiralty Act of March 9, 1920, 46 U.S.C.A. § 741 et seq., upon the ground as stated in respondents' brief "that said amended libel does not state facts sufficient to show that this suit may be brought against the United States of America in the United States District Court for the Southern District of New York".

The original libel was filed in that Court on August 8, 1945, and alleged (Art. First) that "the libelant was and is a citizen of Belgium and at the time of this accident was a resident of the State of New Jersey and is now a resident of the State of New York", and (Art. Fourteenth) "That all and singular the foregoing matters are true and within the Admiralty and Maritime jurisdiction of the United States and this Honorable Court * * *."

Answer was filed September 24, 1945, containing a denial of information, etc., as to the allegations of the First Article and denying the matters contained in the Fourteenth.

Thus the issue of jurisdiction would have required proof at the trial.

Interrogatories were filed by respondents on October 31, 1945, and Answers, verified January 28, 1946, were filed on February 16th. As to Interrogatory Second (a) and (g), the libelant stated his then present address in Forest Hills (Queens County, New York) while it had been at 354 West 22nd Street, Manhattan, New York, from November, 1943, until May, 1945, whereby the respondent was apprised that the sole jurisdictional assertion in the libel (since nothing was said concerning the whereabouts of the vessel on which the libelant said he was injured) was deficient so far as the Southern District was concerned. Indeed it elsewhere appears that the libelant's correct residence had been stated in a letter to respondents' proctors, dated August 9, 1945, which may explain the denials pleaded in the Answer, to which reference has been made.

A motion was then made, noticed for February 15, 1946, by libelant, for an order changing the venue of the action to this Court, which was granted by Judge Conger on May 1st, the order being dated May 15th.

Separately, a motion was noticed for April 8th, for leave to amend the libel by alleging libelant's then correct residential address (as above stated) and that prior to August 8, 1945 (the filing date of the original libel) the S. S. Exterminator, on which the libelant was a seaman at the time of his injury as alleged, had been "removed" (from what place is not stated) to Hampton Roads where she was scrapped and demolished; and the amendments were consented to in open court.

The Exceptions raise the question of jurisdiction of the Court in which the cause was laid, since the libelant did not reside in that district, nor was the vessel there to be found, when the suit was begun, as required by the terms of the Suits in Admiralty Statute, 46 U.S.C.A. § 741 et seq.

The language of § 742 is (after providing for suits against the United States in personam in cases where privately owned vessels would be subject to a proceeding in admiralty):

"Such suits shall be brought in the district court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found. * * *"

The party so suing is Haesen, and he did not reside in the Southern District when the libel was filed, nor was the vessel found there, as appears from the amended libel.

How this failure to meet the plain requirements of the statute could be bypassed, would have presented a difficulty from which no ready exit would have been

apparent to me, if the subject were open for decision, but that is not the case.

The argument was made to Judge Conger in the respondents' affidavit (it was really a memorandum of law, an argument mislabeled an affidavit) of February 26, filed May 1, 1946, that the Southern District Court was without power to grant the motion for change of venue, since the Court had no jurisdiction in the cause, for the reasons above stated; that this objection went to the subject-matter, and the general appearance did not waive the defect.

It is clear that Judge Conger not only had this contention before him, but disposed of it in favor of libelant by citing Mc-Ghee v. United States, 2 Cir., 154 F.2d 101, 1946 A.M.C. 487, in granting the motion. That can mean only that he accepted jurisdiction for the Court, and exercised it by transferring the cause to this District, i. e., he changed the venue. That was the judicial act of a Southern District Judge in construing the jurisdiction of the Court of which he is a member, and only an appellate court can sit in review of his decision. It matters not that the objection was urged in the form of opposition to the motion for change of venue, instead of by Exceptions to the amended libel. That is a mere difference in form, not substance. If the Exceptions were to be sustained, the effect would be to dismiss a cause for lack of jurisdiction, although the Court of instance had decided otherwise.

Whether the McGhee case, supra, is indeed controlling is likewise a foreclosed inquiry. Judge Conger has ruled that it is, and for an Eastern District Judge to rule differently, or to even express doubt as to whether Congress, under the guise of extending to alien seamen all rights pertaining to American seamen, caused something more than that to be brought to pass, would amount to the tacit questioning of a decision, which, as I understand the law, is not presently open to inquiry.

It is apparent, therefore, that the Exceptions must be overruled, and an order to that effect may be settled on notice.