### SBARBARO v. UNITED STATES et al
No. 137 of 1949.

United States District Court
E. D. Pennsylvania.
Sept. 29, 1949.

Ernest R. von Starck, Thomas B. K. Ringe, Clark, Brown, McCown, Fortenbaugh & Young, Philadelphia, Pa., for libellant.

Gerald A. Gleeson, United States Attorney, James P. McCormick, Assistant United States Attorney, Philadelphia, Pa., for respondents.

FOLLMER, District Judge.

Libellant, John L. Sbarbaro, Jr., on November 23, 1948, filed an action in personam in Admiralty in the District Court of the United States for the Eastern District of Virginia. The action was predicated on personal injuries suffered by libellant on November 25, 1946, while serving in the capacity of Cadet Midshipman aboard the U.S.S. Selinur, also known as Keystone State, a vessel owned by the United States of America through United States Maritime Commission, and at that time loaned to the Pennsylvania Military Academy. The libel, filed in that Court, alleged that libellant was a resident of Drexel Hill, Pennsylvania;[1] that the vessel in question was within the jurisdiction of that Court, and that "All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court." (Referring to the District Court of the United States for the Eastern District of Virginia.)

Subsequently a motion was made by libellant for an order transferring the Virginia proceeding to this Court, which was grant-ed by order of Judge Bryan, entered on April 12, 1949. The cause was accordingly transferred and docketed in this Court to No. 137 of 1949 In Admiralty.

Respondents have now moved to return the suit to the District Court of the United States for the Eastern District of Virginia for the following reasons:

1. The suit was instituted pursuant to the Public Vessels Act, March 3, 1925, C. 428, 46 U.S.C.A. § 781 et seq.

2. Section 2 of the Public Vessels Act provides that suits under the Act shall be brought in the District Court of the United States for the district in which the vessel charged with creating the liability is found within the United States.

3. Since August, 1947, the vessel involved herein has been continuously in the James River, within the Eastern District of Virginia, and not within this District.

4. The order entered by the District Court of Virginia, over the objection of the United States Attorney, purporting to transfer the case to this Court is not legally sufficient, under the Public Vessels Act, to vest this Court with power to determine the rights and obligations of the parties in the suit; or, in the alternative, said order does not deprive this Court of the privilege of returning the case to the District Court of the United States for the Eastern District of Virginia.

This suit was instituted under the Public Vessels Act, 46 U.S.C.A. § 781 et seq., as is indicated by paragraph two of the libel. Section 782 of this Act provides, inter alia, "Such suit shall be brought in the district court of the United States for the district in which the vessel or cargo charged with creating the liability is found within the United States, * * *. Such suits shall be subject to and proceed in accordance with the provisions of chapter 20 of this title (Suits in Admiralty Act) or any amendment thereof, insofar as the same are not inconsistent herewith, * * *."

Chapter 20 of the Suits in Admiralty Act provides, 46 U.S.C.A. § 742, "* * *

1. Drexel Hill, Pennsylvania, is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

Upon application of either party the cause may, in the discretion of the court, be transferred to any other district court in the United States."

The provision of the Public Vessels Act relating to the district in which suit shall be instituted is simply a matter of venue, not jurisdiction.[2]

The effect of the order of the District Court of the United States for the Eastern District of Virginia in transferring the suit to this district was to change the venue. As to that order, I am in complete agreement with the court in Haesen v. United States, D.C.E.D.N.Y., 66 F.Supp. 759, at page 761, that only an appellate court can sit in review thereof.

Motion to return this suit to the District Court of the United States for the Eastern District of Virginia is denied, and respondents are directed to file answer within twenty days from the date of the service of this Order.

2. Hoiness v. United States, 335 U.S. 297, 69 S.Ct. 70, 93 L.Ed. ——, at page ——.