**NATIONAL SURETY CORPORATION, a New York corporation, Plaintiff,**

v.

**John W. ROLLINS, trading as John W. Rollins and Associates, and trading as Rollins Fleet Leasing, Rollins Corporation, a Delaware corporation, Charles A. Simpson and Daisy Simpson, Defendants.**

*Civ. No. 1593.*

United States District Court, D. Delaware.

Dec. 31, 1954.

William Prickett, Wilmington, Del., for plaintiff.

Clair J. Killoran (of Killoran & Van Brunt), Wilmington, Del., for defendants John W. Rollins and Rollins Corp.

Vincent A. Theisen, Wilmington, Del., for defendants Charles A. Simpson and Daisy Simpson.

LEAHY, Chief Judge.

This is an action by the plaintiff-insurer, a New York corporation, seeking an adjudication of its liability under a policy of insurance and reimbursement of a cash settlement made upon the strength of certain allegedly false reports furnished to it by one of the individual defendants, one Charles A. Simpson.

The facts are these. The defendant John W. Rollins is engaged in various business enterprises both within and without the State of Delaware. He operates, inter alia, John W. Rollins and Associates, whose chief stock in trade appears to be the supplying of management services to the varied Rollins' enterprises, both corporate and otherwise: Rollins Fleet Leasing, an enterprise engaged in the leasing of trucks and automobiles; Rollins Corporation, a manufacturer of electronic equipment; and an all-Negro radio station, etc. In addition to owning 60% of the stock of Rollins Corporation, Rollins was also chairman of the Board of Directors. The remaining 40% of the stock of Rollins Corporation was owned by its President and General Manager, Charles A. Simpson.

Plaintiff, National Surety Corporation, hereinafter called "National", entered into a contract of insurance with Rollins Fleet Leasing whereby National agreed to provide coverage for certain motor vehicles owned by Fleet Leasing but leased to other various companies and organizations.

One of these vehicles, a Ford panel truck, leased to Rollins Corporation through its President, defendant Simpson, was involved in a collision in Lewes, Delaware, on November 1 of 1952, which resulted in serious injuries to two small boys. At the time of the accident the truck was being driven by one Smith, a sixteen-year old boy in the employ of Rollins Corporation. Simpson, as President of the corporation, made a statement at the time of the accident; he asserted Smith had operated the truck with Simpson's permission. Apparently in reliance on this statement, National negotiated a settlement in the amount of $9,569.60 with one of the injured boys, one Laurich.

One year later, Simpson repudiated his earlier statements concerning the accident and issued a new statement that Smith had driven the truck without his permission. Upon receipt of this information, National informed defendants they were without insurance coverage on the policy and should no longer look to National to defend an action pending in the Superior Court of Delaware (i. e., an action brought by the other injured boy, one Lynch). Then National filed the present action for declaratory judgment in this court. The action for negligence by the injured boy Lynch in the State Court has been stayed by that court pending a determination of National's insurance liability here in the federal court.

National's position is this: Simpson was the agent of Rollins, Rollins' enterprises and Rollins Corporation, and to the extent he misrepresented certain facts, to that extent also are Rollins, et al., tinted with his bad faith. Since cooperation is an integral condition of this type of contract of insurance, the acts of their agent, National claims, have placed all defendants without the pale of coverage. Further, National contends, the Laurich settlement was made under the mistaken notion a bona fide report of the accident had been made indicating a valid claim had arisen which subjected both Rollins and Rollins Corporation to a possible liability. Defendant Rollins, on the other hand, maintains there was no agency relationship between himself and Simpson since Simpson's employment was limited to the Rollins Corporation and hence Rollins is not bound by Simpson's conduct nor for any negligence committed by the driver Smith, who apparently is alleged to have been an agent of Rollins Corporation.

Lengthy depositions were taken by National of practically all the named defendants and the driver, Smith. These depositions, in conjunction with supporting affidavits, are now utilized by Rollins and Corporation in a motion by them for summary judgment under F.R. 56 of the Federal Rules of Civil Procedure, 28 U.S.C.

In support of their motion for summary judgment defendants Rollins and Rollins Corporation briefed their argument on 1. No actual controversy exists within 28 U.S.C. § 2201; 2. Jurisdictional amount is not in controversy; 3. Diversity is absent; 4. National is not entitled to relief by reason of 21 Del. Code, § 2904; 5. It does not appear Simpson's failure to cooperate with National was prejudicial and consequently National cannot avoid the policy on Simpson's two different statements in connection with the accident; and 6. The Lynches (plaintiffs in the State Court negligence action) have not been joined in this declaratory judgment action and they are necessary parties to the pending case at bar. All of these points were abandoned by Rollins and Rollins Corporation at oral argument. In connection with the motion for summary judgment, the only remaining points for consideration are:

a. Simpson was not an agent of Rollins and National cannot avoid liability under its insurance coverage as to Rollins for Simpson's alleged failure to cooperate with the insurance company; and

b. As Simpson was not Rollins' agent, Simpson's non-cooperation constitutes no cause of action in National's favor against Rollins for recovery of the Laurich settlement.

■■ 1. On a motion for summary judgment, the court is precluded from making any determination of the factual issues. If, in its reading of the pleadings, depositions and affidavits which comprise the paper record a genuine issue of fact is encountered, the court need go no further; indeed, it is prevented from proceeding further. Mere existence of a material issue of fact is both the sought after feature and the limiting element of a court's disposition of the motion.

■ 2. Defendant contends the depositions taken by National and the affidavits produced by itself show no possibility factual issues may be lurking in the present case. Further, it argues, failure by National to expressly controvert defendants' affidavits denying agency, demonstrates the weakness of National's assertion that agency may exist. Lacking clear contravention by affidavit, defendant continues, National must rely on its pleadings to set up a factual issue. Under defendant's conception of F.R. 56, a mere allegation in a pleading has not sufficient stature to traverse an affidavit such as defendants filed upon a motion for summary judgment.

3. The thesis advanced by defendants appears in conflict with the law in this circuit as announced in Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580, 581; Reynolds Metals Co. v. Metals Disintegrating Co., D.C.N.J., 8 F.R.D. 349, affirmed 3 Cir., 176 F.2d 90, a line of authority which has been attacked as "patently erroneous", 99 U. of Pa.L.Rev. 212, 214–15. See, too, Chappell v. Goltsman, 5 Cir., 186 F.2d 215, 218. The view of most cases and commentators is opposed to the Third Circuit Court of Appeals' Recordgraph Corp. case. 6 Moore's Federal Practice 56.11[3], n. 6 (2d ed. 1953). This controversy engendered over the sufficiency of pleading allegations, has prompted the Advisory Committee on Federal Rules of Civil Procedure to include an amendment to F.R. 56 in the "Preliminary Draft of Proposed Amendments", currently under consideration by the judiciary, bar associations and the legal profession generally. The purpose of the amendment is to spell out in unmistakable language what is considered the better view. The proposed amendment sought to be included in F.R. 56(e) following the last sentence of this section as it now appears will provide: " * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but must answer in detail as specific as that

of the moving papers, setting forth the material facts as he believes and intends to prove them to be. If he does not so answer under oath, summary judgment shall be entered against him." I think I need not consider the dubious authority of Recordgraph as controlling the case at bar nor indulge in speculation as to the merit of the different views which have been urged. National's position here that it is free from liability of coverage for the negligence of the driver, however lacking in clarity, is bottomed on raising a factual issue at trial of agency through its pleading (complaint) coupled with an affidavit of Donnelly, General Manager of National, in which he sets out a series of communications between National and certain employees of Leasing and Associates. These letters, if given the construction National may put upon them, together with the pleadings and depositions, spin a web of agency between Rollins, individually, and Simpson.

4. Whether this defense is of such validity as to discharge National's burden of proving agency at the trial of this case I need and cannot pass upon at this time; but assuming such a defense to the motion for summary judgment be not sham and frivolous, I am inclined to permit it to remain intact. Cf. Altman v. Curtiss-Wright Corp., 2 Cir., 124 F.2d 177, 180.

5. The factual issue of agency appears to arise from the following circumstances gleaned from the depositions and affidavits. The various Rollins' enterprises were not sharply departmentalized. There appears to be an overlapping of functions, services and employees; e. g., Associates provided management services and advice to Leasing and Corporation; Rollins' secretary, Mrs. Harrison, served as an officer and on the Board of Directors of Corporation. These circumstances, among others, lend support to the agency theory embodied in the communications set out in the Donnelly affidavit. In effect, then, resolving all doubts in favor of the non-moving party, they constitute a sufficient contravention of defendant's allegation of non-agency to prevent a denial of National's right to present such proof and to amplify it, if it can, at trial.

 6. I note Judge Riddick in Walling v. Fairmont Creamery Co., 8 Cir., 1943, 139 F.2d 318, 322: "On a motion for a summary judgment the burden of establishing the nonexistence of any genuine issue of fact is upon the moving party, all doubts are resolved against him, and his supporting affidavits and depositions, if any, are carefully scrutinized by the court. * * *"

7. At trial, it may appear there is actually no merit to National's assertion of agency. But, at this point in the litigation here, I can not deny National the right to demonstrate what merit may exist. A factual question of agency has been raised which would appear critical to an ultimate decision.

Defendants' motion for summary judgment is denied. Submit order.