**PACIFIC–ATLANTIC STEAMSHIP COMPANY, Libellant,**

v.

**UNITED STATES of America, Respondent.**

No. 1722.

United States District Court, D. Delaware.

Jan. 3, 1955.

932

S. Samuel Arsht (of Morris, Steel, Nichols & Arsht), Wilmington, Del., and William I. Denning (of Denning & Wohlstetter), Washington, D. C., for libellant.

Leonard G. Hagner, U. S. Atty., Wilmington, Del., Leavenworth Colby and Hubert H. Margolies, Attys., Dept. of Justice, of Washington, D. C., for respondent.

LEAHY, Chief Judge.

Libellant sues to recover money paid to the Government. The action was originally brought under the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–746 in the federal court in the District of Columbia. There respondent filed a motion to dismiss based on a two year statute of limitations. After argument on the motion, libellant was allowed to amend the libel. Motion to dismiss was renewed, argument was had, and the motion was denied. The suit was then transferred to this district.

In Article One of the answer, respondent rests on an affirmative defense, e. g., "The cause of libel did not accrue within two years of the filing of suit."[1] Libellant, here, excepts to this portion of the answer.

 1. Libellant contends the limitations question has been ruled on by the District Court in the District of Columbia and when a transferor court has so ruled, it is binding on the transferee court.[2] A motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C. is the same as Admiralty Rule 35, 28 U.S.C.,[3] and such a motion has been granted if previously ruled upon.[4] Libellant seeks relief here from the burden of proffering evidence on this issue at trial and objects to respondent seeking two rulings on this issue. The question presented to the transferor court was whether the statute of limitations ran from the time the charter hire was first claimed by the Government or whether it began after June 16, 1951, when libellant made payment. In denying respondent's motion to dismiss the libel in the original action, libellant argues Judge Schweinhaut decided as a matter of law the action had been brought within the two year period required by the Suits in Admiralty Act. Concededly, one judge does not consider a point previously decided by another judge,[5] and a party usually is

1. § 5 of the Suits in Admiralty Act, 46 U.S.C.A. § 745.

2. Haesen v. United States, D.C.E.D.N.Y., 66 F.Supp. 759–761.

3. Banks v. Chas. Kurz Co., D.C.E.D.Pa., 69 F.Supp. 61, 63; Benedict on Admiralty (6th ed.), p. 56.

4. Higgins v. Shenango Pottery Co., D.C. W.D.Pa., 99 F.Supp. 522, 526; Piest v. Tide Water Oil Co., D.C.S.D.N.Y., 27 F. Supp. 1021, 1022; Ohmer Corp. v. Duncan Meter Corp., D.C.N.D.Ill., 8 F.R.D. 582–583.

5. Gulf Research & Development Corp. v. Schlumberger Well Surveying Corp., D.C. Del., 98 F.Supp. 198, mandamus refused Gulf Research Development Co. v. Leahy, 3 Cir., 193 F.2d 302, affirmed by equally divided Court 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 668; International Pulp Equipment v. St. Regis Kraft Co., D.C.Del., 59 F.Supp. 289; In re Hines, 2 Cir., 88 F.2d 423, 425; Aachen & Mun-

not heard twice on the same question of law. On this basis libellant excepts to respondent's answer which is tantamount to a motion to strike the first defense contained in Article One.

2. The two year limitation not only pertains to the time to bring suit, it is part of the right itself.[6] The question in the instant case is one of jurisdiction not alone of limitations. The District Court in the original action did not decide jurisdiction. It held, in fact, a motion to dismiss addressed to the sufficiency of the libel would not be granted. Libellant there as here has to prove a cause of libel within the jurisdiction of the Act. Libellant's present exception to a defense sufficient on its face, presents a question of fact and should be decided at trial.[7] There must be a final judgment to make a particular ruling the law of the case where the ruling is on the question of jurisdiction; an earlier ruling on jurisdiction is not res adjudicata if the jurisdictional issue is properly raised again, for questions of jurisdiction may be raised at any time and the Court must be satisfied at all times of its own jurisdiction of a cause.[8] But, this question is not met. The ruling on the motion to dismiss in the District of Columbia Court went to the sufficiency of the allegations of the libel and did not determine the jurisdictional question that the statute of limitations in suits in admiralty cases is jurisdictional. All the District Court did was to sustain a pleading. It did not decide libellant had a provable case.

3. At trial, libellant will be required to show it has satisfied the ju-

ich Fire Ins. Co. v. Guaranty Trust Co., D.C.S.D.N.Y., 24 F.2d 465; Commercial Union of America v. Anglo-South American Bank, 2 Cir., 10 F.2d 937; Miller & Lux v. Rickey, C.C.D.Nev., 146 F. 574; Appleton v. Smith, 1 Fed.Cas. page 1075, No. 498, opinion of Supreme Court Justice Miller sitting as Circuit Justice; Higgins v. Shenango Pottery Co., D.C. W.D.Pa., 99 F.Supp. 522, 526; Lisle Mills v. Arkay Infants Wear, D.C.S.D.N.Y., 90 F.Supp. 676; Sbarbaro v. United States, D.C.E.D.Pa., 86 F.Supp. 477; McArthur v. Rosenbaum Co. of Pittsburgh, D.C. W.D.Pa., 85 F.Supp. 5; Glicker v. Michigan Liquor Control Commission, D.C.E.D. Mich., 75 F.Supp. 283; United States v. The San Leonardo, D.C.E.D.N.Y., 71 F. Supp. 852, 853; Haesen v. United States, D.C.E.D.N.Y., 66 F.Supp. 759; Engler v. General Electric Co., D.C.S.D.N.Y., 32 F.Supp. 913; Piest v. Tide Water Oil Co., D.C.S.D.N.Y., 27 F.Supp. 1021, 1022; Molesphini v. Bruno, D.C.E.D.N.Y., 26 F.Supp. 595; Bradford v. Chase Nat. Bank of City of New York, D.C.S.D.N.Y., 24 F.Supp. 28; Patterson v. Anderson, D.C.S.D.N.Y., 20 F.Supp. 799; The Claremont, D.C.S.D.N.Y., 20 F.Supp. 163; United States v. Davis, D.C.S.D.N.Y., 3 F. Supp. 97; Ohmer Corp. v. Duncan Meter Corp., D.C.N.D.Ill., 8 F.R.D. 582.

6. Eastern Transportation Co. v. United States, 272 U.S. 675, 47 S.Ct. 289, 71 L.Ed. 472; Osbourne v. United States, 2 Cir., 164 F.2d 767–768; Sgambati v. United States, 2 Cir., 172 F.2d 297–298; Crescitelli v. United States, 3 Cir., 159 F.

2d 377; Kruhmin v. United States, 3 Cir., 177 F.2d 906; Alcoa S. S. Co. v. United States, D.C.S.D.N.Y., 94 F.Supp. 406; cf. Finn v. United States, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128; Munro v. United States, 303 U.S. 36, 58 S.Ct. 421, 82 L. Ed. 633; Anderegg v. United States, 4 Cir., 171 F.2d 127; Adams v. Albany, D.C.S.D.Cal., 80 F.Supp. 876, 880–881.

7. Tivoli Realty v. Paramount Pictures, D.C.Del., 80 F.Supp. 800, per Judge Rodney, certiorari denied Rodney v. Paramount Pictures, 340 U.S. 953, 71 S.Ct. 572, 95 L.Ed. 687; Taylor v. Orton, 7 Cir., 216 F.2d 62; Citrin v. Greater New York Industries, D.C.S.D.N.Y., 79 F.Supp. 692. See, too, 2 Moore's Fed.Prac. (2d ed.), pp. 2317–20, and National Surety Corp. v. Rollins, D.C.Del., 16 F.R.D. 530.

8. Mansfield, C. & L. M. R. Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462; Matson Navigation Co. v. United States, 284 U.S. 352, 52 S.Ct. 162, 76 L.Ed. 336; Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338; Cf. Fed.Rules Civ.Proc. rule 12(h). In fact, 28 U.S.C. § 80 (1940 ed.) provided for dismissal of an action not involving a dispute within the jurisdiction of the District Courts. The provisions were omitted from the 1948 Judicial Code because unnecessary. See H.R. 308, 80th Cong., 1st Sess., p. A–125: "Any Court will dismiss a case not in its jurisdiction when its attention is drawn to the fact, or even on its own motion."

**934**

risdictional requirements of § 5 of the Suits in Admiralty Act. Saving its libel from dismissal in the District of Columbia proceedings, did not take § 5 out of further consideration, or, until some court on appeal could re-examine the question. I think this is one of those causes where a separate trial should be had on the issue whether the instant action was timely brought. But I shall not rule on this, absent a formal application (if such procedure is available in the admiralty) by a party and reserving a conclusion on the suggestion if such would be opposed. Libellant's exception to respondent's answer Article One containing the limitations issue will be overruled. Submit order.