## ROSENBLUM v. DINGFELDER et al.

District Court, S. D. New York.
Oct. 30, 1941.

See, also, D.C., 1 F.R.D. 179.

Bernard Gordon, of New York City, for plaintiff.

Harry Weinberger, of New York City, for defendants.

KNOX, District Judge.

There are many cases under Rule 34, Rules of Civil Procedure 28 U.S.C.A. following section 723c, to the effect that a party should not be ordered to permit a general inspection of all of his records simply because the moving party cannot specify which documents he needs. The

information necessary to enable the moving party properly to identify the desired documents may be obtained by deposition under Rule 26, upon oral examination under Rule 30, and upon written interrogatories under Rule 31. I so held in the instant case, reported in 2 F.R.D. 49. See, also, Monarch Liquor Corp. v. Schenley Distillers Corp., D.C., 2 F.R.D. 51; Judge Conger based his motion in the instant case upon his decision in Clark v. Chase Nat. Bank, D.C., 2 F.R.D. 94; see, too, cases under Rule 34, in Volumes 1, 2, 3, and 4, of Federal Rules Service, all to the same effect.

Not only must a motion for the production of documents show the nature of the ones sought to be inspected, but the motion papers should likewise show that the documents will in some way aid the moving party in the preparation of his case.

As to papers procured by counsel for parties, in making preparation for trial, it may be said that the case of Piorkowski v. Socony Vacuum Oil Co., D.C., 1 F.R.D. 407, holds that a party should not be required to produce written statements so secured.

The instant question is whether defendants shall again be permitted to examine the plaintiff. The minutes show that when Rosenblum was in New York some months ago he was examined rather fully. The examination was terminated when counsel for defendants discontinued the examination in order to attend a dinner engagement. Rosenblum returned to Texas, and thereafter counsel went before Judge Hulbert for various rulings on the scope of the inquiry. These, Judge Hulbert resolved in plaintiff's favor.

The attorney for defendants is well acquainted with the practice under the new rules and could have obtained information as to what documents he wanted to examine long before this date. The present motion was made upon the eve of trial, and I think it should be denied. Defendants' counsel has already seen many of plaintiff's papers, and I am of opinion that he can go to trial without prejudice to his clients' case. Treating this proceeding as a motion for a further examination, I think, as I have indicated, my discretion should be exercised by a denial of the motion upon the ground of prejudice to the plaintiff. His case is ready for trial and he is a man who, to be examined fully, must come to New York, and neglect his interests in Texas.

Motion denied.