## UNITED STATES v. AMERICAN OPTICAL CO. et al.

District Court, S. D. New York.

Aug. 14, 1942.

Irving B. Glickfeld and Melville C. Williams, both of New York City, for the United States.

Root, Clark, Buckner & Ballantine, of New York City (John M. Harlan and John E. F. Wood, both of New York City, of counsel), for American Optical Co. and others.

Blair, Curtis & Hayward, of New York City (Daniel L. Morris and John C. Blair, both of New York City, of counsel), for Bay State Optical Co. and others.

Simpson, Thacher & Bartlett, of New York City (Whitney N. Seymour and Francis X. Fallon, both of New York City, of counsel), for Bausch & Lomb Optical Co. and others.

Niles & Johnson, of New York City (Ralph Q. Kelly, of New York City, of counsel), for Shuron Optical Company, Inc., and others.

Morris N. Bobis, of New York City, for Century Oxford Mfg. Co. and A. M. Levy.

WOOLSEY, District Judge.

These motions are all and severally denied for the reasons hereinafter given, on the understanding that this ruling does not deal, in any way, with the question of the

materiality of the documents or other items of evidence sought by the United States in these motions, but that the question of the materiality thereof is reserved to be later dealt with at such time and in such manner as this court and the parties herein may deem advisable.

I. The designation of most of the documents and other matters in respect of which discovery is sought by the instant motions is wholly inadequate.

It will be obvious from what I have hereinafter to say as to the second ground for denying these motions that it is unnecessary for me to attempt to winnow the insufficiently designated, from such, if any, as have been adequately designated.

II. The reason for the requirement of *"designation"* under Rule 34 and how clear such *"designation"* must be, becomes quite apparent on reflection.

In the first place the Judge who grants such an order must be able so to settle the terms thereof as will enable him and the party against whom the order is directed to know when compliance with the order has been had. Cf. Connecticut Importing Co. v. Continental Distilling Corp., D.C., 1 F.R.D. 190.

In this respect an order under Rule 34 is assimilable to a mandatory injunction.

A court will not order something done in such terms as will make it impossible to decide whether it had been done. Vagueness in any remedy interlocutory or final is a curse, and wholly unfair to the party against whom such remedy may issue.

In an injunction, for example, the punishment for failure to comply is imprisonment or fine, and the party enjoined should know with substantial accuracy what is the ambit of his freedom.

In a motion under Rule 34 the sanctions for failure to comply with an order issued thereunder are given in Rule 37, and may perhaps be conveniently summarized or paraphrased thus:

1. That the matters inquired about may be taken to be established in accordance with the claim of the party obtaining the order,

2. That the parties failing to comply with the order may be prohibited from introducing into evidence the documents or things inquired about, or,

3. That an order may be granted striking out pleadings or parts thereof, or staying proceedings until the order is obeyed, or dismissing the action or proceeding or parts thereof, or rendering a judgment by default against the party refusing to obey the order.

Such serious sanctions obviously require that any order on which they may have to be founded should be explicit.

The motions before me would not give me the basis for an explicit order. I have tried to make such an order and found it impossible in respect of most of the items sought.

This failure in explicitness makes the papers on which these motions are based insufficient on their face in respect of most items.

Without going into an extensive discussion of the authorities, which seems to me to be unnecessary, what I have said is sufficient to say about the necessity of *naming* the documents sought, not merely mentioning them by categories. Cf. Rosenblum v. Dingfelder, D.C., 2 F.R.D. 309.

I hold that such designation in a motion under Rule 34 must be sufficiently precise in respect of each document or item of evidence sought to enable the defendant to go to his files and, without difficulty, to pick the document or other item requested out and to turn to the plaintiff saying *"Here it is"*.

That is the touchstone in such motions as these.

Rule 34 does *not* provide for a writ of visitation and search under which the plaintiff shall be allowed in the defendant's office to search for and find what he may want.

III. I now turn to the question as to whether these motions under Rule 34 were made as early in the case as they should have been.

It seems to me that Rule 34, although for some undisclosed reason no time limit is fixed in it, properly is intended to be a part of the very elaborate pre-trial procedure provided by the new Federal Rules, which enables the parties to marshal the facts and documents necessary to the trial of a cause, before the trial begins.

As a consequence a motion under Rule 34 may be granted, if ever as of right, I think, only before the trial of a cause has begun.

After the trial has begun, the granting of a motion for discovery under Rule 34

lies wholly, I think, within the discretion of the Judge trying the cause, as do many other forensic details which I shall not attempt here to enumerate. For after the trial begins the plaintiff always may avail himself—in case during the trial there is opened, as is here claimed, new vistas of fact—of a subpoena duces tecum for the production of documents and papers. That, in my opinion, is the proper procedure *after the trial has begun.*

IV. For that reason I was not at all impressed with the two instances invoked by the Government of the use of motions under Rule 34 after the trial of a cause had begun; *to-wit:* United States v. Smith, 9 Cir., 117 F.2d 911 and Judge Caffey's unreported ruling in the Aluminum case. Certainly the case of United States v. Smith was, so far as appears in the report on appeal, a mere unreasoned instance of the use of Rule 34 in the court below. The *reasons* on which Judge Caffey is claimed to have based his ruling are not given.

But in both cases Rule 34 was apparently used *after the trial began* for the production of a document or two, without any discussion of the reason for so doing. In the Smith case obviously the Appellate Court would not reverse a District Court decision for an immaterial error in the use of the Court's discretion as to the method used to refresh the memory of a witness.

V. Practice motions of this kind should not be decided merely ad hoc, but should be dealt with, so far as may be, sub specie aeternitatis. For there is not any appeal in respect of such motions, and the District Court makes the law for each District. That is why I reserved decision on these motions.

VI. There are various considerations which, I think, militate against the use of a motion under Rule 34 after a cause has gone on trial.

First, it must be remembered that the Federal Rules of Civil Procedure govern *jury* trials as well as the more plastic situation existing in nonjury trials. If motions like these should be allowed during a *jury* trial, either the trial would have to be converted into a nonjury trial by discharge of the jury, or the jury would have to be withdrawn—perhaps for months—whilst the moving party went on a fishing excursion.

Furthermore, to have discovery motions like these under Rule 34 hanging over a party's head during a trial, like the sword of Damocles, threatening to fall at any moment, would lead to pressure tactics during trial by parties to causes.

The possibility of such procedure during the trial of a cause would be especially inconvenient and abhorrent to anyone with any sense of the expedient in practice, in a busy district such as the Southern District of New York for it would tend to lead to endless and unpredictable dislocation in our overcrowded calendars.

VII. Certainly, therefore, if we take United States v. Smith and Judge Caffey's decision, at their face value merely—which, in the absence of reasons for applying Rule 34, I now incline to do—the granting of motions like these under Rule 34 *after trial has begun* must be considered purely a matter of the discretion, which is the better part of practice, and which, in this instance, I have not any hesitation whatever in saying should be exercised against the plaintiff, leaving it to obviously appropriate remedy of a subpoena duces tecum, whereunder the materiality of the documents and items of evidence sought—now reserved—can, I think, be more conveniently ruled on as each is produced than under these motions.

VIII. The casting consideration influencing my discretion—if it be deemed that the granting of motions under Rule 34 after trial has begun is discretionary—is the chronology of the Government's activities which led up to the commencement of this cause.

It is common ground, as I understand, that the investigation by the Anti-Trust Division of the American Optical Company, beginning in November, 1939, was carried on by three lawyers representing the Government, who went to Southbridge and spent there circa 120 man-days reading documents, letters, memoranda, etc., and emerged from the American Optical Company's office with photostats of documents therefrom running to nearly 7,000 pages.

Thereafter there was an investigation by a Federal Grand Jury covering a period of some months, and finally the plaintiff brought this nonjury action on September 16, 1940.

From that date and before this cause came on for trial, on November 12, 1941, a period of approximately fourteen months elapsed during which the pre-trial procedures provided by the new rules were open

to the plaintiff, but the plaintiff did not choose to use them.

What I have said of the investigation of the American Optical Company applies mutatis mutandis to the other defendants now asked for discovery.

It seems to me clear that the Government may not prepare for trial again, after having such opportunities to avail itself of all the pre-trial weapons in the procedural arsenal furnished to it by the new Federal Rules of Procedure.

I consider the Government's request preposterous.

IX. I want the order denying all these motions entered as a consolidated order covering not only those argued at Petersham, but also all other motions made in pari materia, and dependent on the decision in the motions argued.