### FORSTMANN WOOLEN CO. v. MANUFACTURERS RETAIL MEN'S STORES, Inc.

District Court, S. D. New York.
Jan. 18, 1946.

I. Gainsburg, of New York City (Joseph P. Segal, of New York City, of counsel), for plaintiff.

Harry Archer, of White Plains, N. Y. (Louis R. Warner, of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

Defendant brought on two motions which were argued together. The first motion seeks an order requiring plaintiff by its agents, servants and employees to appear and have their depositions taken upon oral examinations before trial and for a further order requiring plaintiff to produce certain items for reproduction.

The second motion seeks an order vacating plaintiff's notice to take the deposition of the defendant.

Both motions are related and will be treated together.

Plaintiff sues for an injunction and for damages for infringement of a registered trade mark for unfair competition. Defendant served its answer, pleading a general denial and separate defenses on January 5, 1946, together with a motion to examine plaintiff before trial and to compel it to produce certain items for reproduction (the first motion).

The plaintiff served a notice to examine the defendant before trial on January 5, 1946, but subsequent in point of time to the service of defendant's motion to examine plaintiff. Defendant then moved to vacate plaintiff's notice to examine defendant as being defective under the rules (the second motion).

Ordinarily, examinations before trial are held in the order in which they are demanded and the defendant would be entitled to examine first. However, this may be varied in particular cases. Hillside Amusement v. Warner Bros., D.C., 2 F.R.D. 275.

In the instant case, the motion to examine plaintiff was not in compliance with Rule 26(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, since issue was joined by the service of the answer. All that was required was a notice to take plaintiff's deposition. In view of this, plaintiff will be the first to examine and the examination shall be held at defendant's place of business.

The court will not dismiss defendant's motion even though improper as a matter of procedure. The items contained in the notice of motion (items 1a to 1j inclusive) are not in consonance with the rules. Therefore, the plaintiff will be examined through its president or any officer that may be agreed upon between the parties in accordance with Rule 26(b) of the F.R.C.P.

With respect to the production of documents requested, I find the same violative of the rule that documents must be specifically enumerated and identified. Only item 2d is permitted at this time. After the defendant's examination of the plaintiff before trial, it may be in a better position to call for specific documents which may then be secured by motion under Rule 34 F.R.C.P.

The first motion is granted and the second motion is denied in manner indicated above. One order can suffice. Let plaintiff submit such order on notice, providing for the examination of the defendant, through its officers, at the defendant's place of business or at some other place agreed upon between the parties, on a date and time to be inserted in the order.

Three (3) days after the completion of the examination of the defendant through its officers, defendant may examine plaintiff through its president, or other officers, which may be agreed upon between the parties, the time and place of the examination to be inserted in the order.