582

## OHMER CORPORATION v. DUNCAN METER CORPORATION.

### No. 48C187.

United States District Court
N. D. Illinois, E. D.
Nov. 30, 1948.

Albert G. McCaleb, of Chicago, Ill., and Strauch & Hoffman, of Washington, D. C., for plaintiff.

Ungaro & Sherwood and Daniel D. Carmell, all of Chicago, Ill., for defendant.

LA BUY, District Judge.

■ The first motion is defendant's motion to modify Paragraph 3 of the Order entered May 7, 1948 granting leave to plaintiff to take depositions. In view of the amendment to the complaint and the allegations of the complaint, and without any intention of limiting the scope of plaintiff's taking of depositions, it is nevertheless essential that the examination be limited to matters which are material and relevant to the subject matter involved in the case. It is the opinion of the court the Order of May 7, 1948 should be modified in granting plaintiff's motion for leave to take depositions with the limitation that the scope of the depositions be limited to any representation made in paragraphs 4(a) to (e), inclusive, and paragraphs 5, 7 and 8 of the complaint relating to matters as to whether the agents and representatives of defendant in carrying out their duties (a) represented to prospective purchasers that plaintiff's product can be operated free by means of certain tools and instrumentalities; (b) whether said representatives or agents of plaintiff, in carrying out their duties, became possessed of such tools and instrumentalities; (c) whether said representatives demonstrated the manner of use of said tools and instrumentalities to users and prospective users of plaintiff's product; (d) whether said representatives of defendant have supplied prospective purchasers of plaintiff's product with such tools and instrumentalities; and (e) whether said representatives or agents of the defendant supplied the said tools and instrumentalities to the general public where plaintiff's product is installed and induced them to use these on plaintiff's product by supplying with these tools and instrumentalities instructions for their use in operat-

ing plaintiff's product, and whether all of these acts or activities are carried on by representatives or agents who in carrying out their duties did these acts systematically and maliciously with intent to injure plaintiff's business.

The second motion is plaintiff's motion and supplemental motion for production of documents. It is the opinion of the court these motions should be over-ruled. The procedure provided by Federal Rules of Civil Procedure, rule 34, 28 U.S. C.A., may not be used for discovery purposes. Rule 34 is "only a proceeding for the production of designated documents which contain material evidence". Condry v. Buckeye, S.S. Co., D. C., 4 F.R.D. 310, 312, and should be relevant to the subject matter involved. Further, plaintiff has failed to designate the documents to be produced with the particularity required by Rule 34. The generality of the request made and the lack of particular identification of the documents requested would make it difficult for the court to determine whether a compliance with the order had been made if that question arose.

The third motion is plaintiff's motion to strike the first, second and third defenses of defendant's answer on the ground that the first defense has been waived by not being made in prior motions and the second and third defenses have been ruled on by this court. The court is of the opinion the first defense stating plaintiff is not the real party in interest may properly be made by answer and need not have been made by preliminary motion. Since the second and third defenses, that is, failure of plaintiff to join an indispensable party plaintiff and failure to state a claim upon which relief may be granted have already been ruled on by the court on preliminary motions based upon the same issues, it is not necessary that defendant reiterate said defenses in its answer. The record of the case will preserve defendant's rights. As to the second and third defenses of the answer, the court sustains plaintiff's motion to strike.

An order in accord with the above should be presented for entry within ten (10) days.