**HARE v. SOUTHERN PAC. CO.**

Civ. No. 3445.

United States District Court
N. D. New York.

Sept. 27, 1949.

Murphy, Aldrich, Guy, Broderick & Simon, Troy, N. Y. (Bernard Simon, Troy, N. Y., of counsel), for plaintiff.

Minor, Waterman & McLean, New York City (John H. English, Albany, of counsel), for defendant.

FOLEY, District Judge.

The plaintiff by order to show cause seeks dual relief. First, to vacate a notice for the taking of the deposition of the plaintiff served on behalf of the defendant pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and, secondly, for an order permitting an inspection and discovery by the plaintiff pursuant to Rule 34 of the same rules "of all the reports, investigations and statements" relative to the accident upon which the action is based.

The relief must be denied as to both requests. Authority is abundant to the effect that priority in the taking of depositions should be preserved in the order served unless there are extraordinary circumstances presented which in the interests of justice should alter the usual procedure. Grauer v. Schenley Products Co., D.C., 26 F.Supp. 768, 769; Modigliani Glass Fibers v. Glasfloss Mfg. Co., D.C., 7 F.R.D. 647; Mutual Finance Corporation v. Sobol, D.C., 7 F.R.D. 111. The ac-

cident in which the plaintiff was involved and her particular status as a passenger on the train of the defendant railroad is not an unusual situation requiring a change in the precedence accorded to the defendant as a right by the Federal Rules of Civil Procedure. The attorney for the plaintiff in the oral argument expressed the fear that the examination of the plaintiff by the defendant at this stage might result in a harassing inquiry into facts concerning the accident about which she has no knowledge because of her status as a passenger. Such problem, if it does arise, may be corrected by objections pursuant to Rule 30(c) and by a motion for a protective order in such situations as outlined in Rule 30(d) of the Rules. The unrestricted search for the truth allowed under the rules does not require nor can they compel answers to matters when there is a lack of knowledge as to such matters on the part of the person examined.

The motion for discovery and inspection is much too general and at variance with the stated terms of Rule 34, that such relief may be granted as to "any designated documents." There is an orderly procedure outlined by many authorities in the construction of this phase of Rule 34. Judge Knox in Rosenblum v. Dingfelder, D.C., 2 F.R.D. 309, described the fair method of procedure in these situations: "The information necessary to enable the moving party properly to identify the desired documents may be obtained by deposition under Rule 26, upon oral examination under Rule 30, and upon written interrogatories under Rule 31." This procedure will not result in any hardship to the plaintiff in the preparation of her cause for trial and will tend to prevent any confusion which may result from the unrestricted inspection she seeks. This motion is denied without any prejudice to its renewal at the proper time if the plaintiff be so advised.

The taking of the deposition of the plaintiff by the defendant may proceed on October 3, 1949, as stipulated by the parties.

An order may enter accordingly.