## LUNDBERG v. WELLES et al.

United States District Court
S. D. New York.
Feb. 15, 1951.

See also 93 F.Supp. 359.

-----◆-----

Gustave B. Garfield, New York City, Charles Trynin, New York City, of counsel, for plaintiff.

Donovan, Leisure, Newton, Lumbard & Irvine, New York City, Roy W. McDonald, George H. Bailey, New York City, of counsel, for defendants.

WEINFELD, District Judge.

Plaintiff moves for discovery and inspection under Rule 34 of the Rules of Civil Procedure, 28 U.S.C.A., in this copyright infringement action. RKO Radio Pictures, Inc. is the sole remaining defendant in this action, the other parties named as defendants not having been served with process. At the original trial, which resulted in a jury disagreement, Herman J. Mankiewicz and John Houseman, the writers of the allegedly infringing work, appeared as witnesses. Plaintiff now requests the production of all statements, reports and memoranda given by them to defendant, its attorneys, officers and agents with respect to this action and, in particular, with reference to the writing of the first rough draft and later scripts of the alleged infringing work, the motion picture known as "Citizen Kane."

Plaintiff contends that these statements should be produced in view of an alleged change in the theory of defense, which, he claims, was first manifested at the original trial. It is plaintiff's position that prior to the time of trial defendant indicated that it would rely on the defense of non-access to plaintiff's book, entitled "Imperial Hearst". Thus, in answers to interrogatories, Welles, who had worked on the third draft of the script, stated that he had relied upon his general knowledge and inventiveness, as well as that of others, including Mankiewicz, and that he had never seen or heard of plaintiff's book. Plaintiff asserts that Houseman's testimony taken by deposition was to the same effect, although Houseman did admit having heard of the book. Therefore, states the plaintiff, he concluded that the defense would be based on the theory of non-access.

On the first day of the trial, defendant conceded by stipulation that Mankiewicz had read plaintiff's book, reserving, however, the right to show through the testimony of Mankiewicz the nature and extent of that reading. Mankiewicz and Houseman then appeared as witnesses, having been called by defendant and plaintiff respectively. Subsequently, defendant introduced the testimony of Dr. Allan Nevins, the noted historian. Dr. Nevins testified that he had been retained by defendant's attorneys to render an opinion concerning the works in question, and during the course of his examination the Trial Judge ordered the production of a statement prepared by him and submitted to those attorneys. His analysis as it appears in the report follows two general courses: First, that the character portrayed in the film is a "composite picture, with elements drawn from many men" and second, that insofar as it did represent William Randolph Hearst, the subject of plaintiff's biography, "it was based not upon a single book, but upon a wide variety of books and articles", "a great deal of oral discussion", "and upon the rich growth of folklore and legend which clusters about his name". In his report, Dr. Nevins states his belief that the facts support this analysis, and plaintiff has nowhere suggested any impropriety on the part of Dr. Nevins. Plaintiff directs himself solely to the defendant's conduct of this action.

Plaintiff now contends that Dr. Nevins had assumed the role of "architect of the defense", that the testimony of Mankiewicz and Houseman corresponded substan-

tially to the opinion of Dr. Nevins, and that these witnesses adapted the facts to conform thereto, thus abandoning the original defense of non-access. Plaintiff, therefore, requests the production of their statements for the purposes of impeachment at the new trial.

The defendant vigorously resists the contentions of the plaintiff and asserts that plaintiff had, over a substantial period, a more than adequate opportunity to examine Mankiewicz and failed to do so, and moreover, defendant now waives any objection to the taking of his deposition, that of Dr. Nevins and the further deposition of Houseman.

It is true that plaintiff had ample opportunity to take the deposition of Mankiewicz during the three year pendency of this action, that he did take Houseman's deposition a short time before the trial and that he had the benefit of extensive examination of these witnesses at the trial. However, to relegate plaintiff to taking additional depositions would be futile, since only such statements as may exist and which may have been made prior in time to the Nevins report would contain the alleged inconsistencies.

At the trial Mankiewicz testified that to the best of his knowledge he had given a written statement to the defendant. Defendant's attorneys thereupon stated that they possessed no statement of Mankiewicz and that they did not believe that any statement had been given. As to Houseman, there is no showing that he ever gave a statement, nor is there any denial that such statement was taken. Thus, it is far from certain that the statements requested are in existence.

■ Defendant contends that all of the items sought on this motion came into existence after suit was pending, plaintiff having taken no action for almost six years after the original distribution of the film, during which time defendant had no prior notice of plaintiff's claim. Even if it be assumed that the statements here considered (if they exist) were given after the commencement of this action, it does not necessarily follow that they come within the concept of the "work product" of

an attorney, as declared in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. The work product concept embraces matter representing work done by the attorney in his professional capacity in the course of attorney-client relationship. The statements sought herein must necessarily be factual accounts related by the witnesses of the sources referred to in writing the scripts and in no way do they represent the attorneys' thoughts and ideas. Such statements, if any, would be narrations of the witnesses' activities in the course of the preparation and writing of the scripts. They cannot be considered as having been obtained as an aspect of the attorney-client relationship existing between defendant and the attorneys who prepared the case for trial.

Undoubtedly plaintiff's attorney should have exercised greater diligence in procuring the deposition of Mankiewicz. As to Houseman, it is asserted that plaintiff's attorney did not learn of his connection with the scripts until some seven months before the trial, although the action had been pending for three years, and his deposition was taken promptly.

■ This Court does not pass upon the validity or the substance of plaintiff's contention with respect to the alleged shift in the theory of defense. However, the matter does not concern merely the interests of the parties—it merits the serious consideration of this Court in the proper administration of justice. Since the public interest is involved and since the taking of further depositions would be futile, defendant is directed to produce all statements, reports and memoranda of Mankiewicz and Houseman, if any be in existence, given to defendant, its attorneys, agents or employees, relating to the writing of the first rough draft and later scripts of the motion picture, "Citizen Kane".

■■ Plaintiff has made a blanket request for all correspondence between Houseman and Mankiewicz and defendants, its attorneys, officers, agents or employees (including correspondence with any attorney, agent, employee or representative of Houseman or Mankiewicz) relating to this action and, in particular, to

the first rough draft and later scripts, and also all correspondence had with Dr. Nevins with respect to this action and the works in question. On a motion for discovery and inspection, the items sought must be designated and such a blanket request is not permitted. United States v. American Optical Co., D.C., 2 F.R.D. 534; Forstmann Woolen Co. v. Manufacturers Retail Men's Stores, D.C., 6 F.R.D. 224; Rosseau v. Langley, D.C., 7 F.R.D. 170. Furthermore, it is likely that a portion of this correspondence is within the "work product" concept, as indicating the attorneys' mental impressions and beliefs. Hickman v. Taylor, supra. To accede to this demand would permit an indiscriminate search through the file of defendant's attorneys and, therefore, this aspect of the motion is denied.

Plaintiff also requests the production of Dr. Nevins' letter accompanying his report. The protection accorded to the files of an attorney insofar as they constitute his work product has been extended to the reports of experts engaged by counsel in preparation for trial. United States v. 5 Cases, More or Less, containing Figlia Mia Brand, 2 Cir., 179 F.2d 519. Furthermore, as the report itself has already been produced, the letter can serve no purpose. Therefore, this aspect of the motion is denied.

Settle order on notice.