**DYNATRON CORPORATION, Plaintiff,**

v.

**UNITED STATES RUBBER COMPANY, Defendant.**

Civ. No. 8432.

United States District Court
D. Connecticut.
April 20, 1961.

---

James O'Connor Shea, New Haven, Conn., for plaintiff.

Philip N. Costello, Jr., of Daggett, Colby & Hooker, New Haven, Conn., for defendant.

TIMBERS, District Judge.

Plaintiff moves, pursuant to Rule 34, Fed.R.Civ.P., 28 U.S.C.A., for production and discovery of documents.

The action is brought to recover damages for claimed breach of alleged warranties by defendant with respect to certain polyester resins sold by defendant to plaintiff for its use in the manufacture of polyester resin products which in turn were sold by plaintiff for use in making automotive body repairs.

Jurisdiction is based on diversity of citizenship, plaintiff being a citizen of Connecticut and defendant a citizen of New Jersey.

By the instant motion plaintiff seeks an order requiring defendant to produce and permit the inspection and copying or photographing of the following:

"all data, formulae, books, records, memoranda, correspondence, tests, stencils, paper, writings, records of sales, complaints, adjustments, refunds and payments and other documents relating to Vibrin XIIII and Vibrin XIIIA for the period from the first developments of Vibrin XIIII to the date of this order."

In its motion plaintiff states that "defendant has in its possession, custody or control" the above mentioned items and that "the same are necessary and appropriate for the depositions scheduled to be taken commencing November 21, 1960 and that in the course of the taking of said deposition it became apparent that the defendant would not voluntarily produce such documents, without further order of the court."

On the present state of the record plaintiff's motion must be denied on two grounds:

(1) *Requisite Designation is Lacking*

While this Court is disposed to follow the more liberal view with respect to the extent of designation required under Rule 34 (4 Moore's Federal Practice, § 34.07, pp. 2444–2448 (2d ed. 1950)), there must be at least a designation by categories and the categories must be defined with sufficient particularity (i) to enable the opposing party intelligently to state any grounds of objection it may have to the requested production, and (ii) to enable the Court intelligently to rule on such objections.

In the instant case, moreover, defendant's counsel indicated at the time of the argument of this motion that it may wish to claim protection with respect to discovery of certain of its trade secrets or secret processes, which indeed defendant is entitled to claim under Rule 30(b). This makes it especially important that plaintiff comply with the designation requirement of Rule 34.

(2) *Requisite Showing of Good Cause is Lacking*

The present motion is not supported by an affidavit; nor does plaintiff make any showing of good cause other than the statement in its motion that the documents requested "are necessary and appropriate for the depositions scheduled to be taken". This is not sufficient.

Professor Moore, referring to the form of a proper motion under Rule 34, states (4 Moore's Federal Practice, § 34.07, pp. 2442–2443 (2d ed. 1950)):

"The motion should be accompanied by an affidavit, and it should show by facts, as distinguished from mere opinions or conclusions, that the documents are relevant and material and that there is good cause for their production."

The requisite showing of good cause on a motion under Rule 34 has been well stated by Judge Hincks in United States v. Five Cases, D.C.D.Conn.1949, 9 F.R. D. 81, 83, aff'd, 2 Cir., 1950, 179 F.2d 519:

"What constitutes 'good cause' is a difficult question, and as the

learned editor has suggested in 2 Moore's Federal Practice, Sec. 34.04, considerations of practical convenience are of prime importance. But even under the most liberal construction of this rule, mere assertions of threatened prejudice are not enough. The Court must be satisfied that the production of the requested document is necessary to enable a party to prepare his case, or that it will facilitate proof or progress at the trial. Hickman v. Taylor, *supra*, 329 U.S. [495] 509, 67 S.Ct. 385, 91 L.Ed. 451; Gordon v. Pennsylvania R. Co., [D.C.] 5 F.R.D. 510, 512."

Accordingly, plaintiff's motion is denied, without prejudice to its renewal upon compliance with the requirements of Rule 34 with respect to designation and showing of good cause.