**UNITED STATES of America**

**v.**

**DEMPSTER BROTHERS, INC. and George R. Dempster.**

**Civ. A. No. 4101.**

United States District Court
E. D. Tennessee, N. D.

April 18, 1962.

See also 202 F.Supp. 798.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for plaintiff.

Anderson & Snepp, Knoxville, Tenn., Swecker & Mathis, Washington, D. C., for defendants.

ROBERT L. TAYLOR, Chief Judge.

On March 2, 1962, the defendants filed their motion for production of documents under Fed.Rules Civ.Proc. Rule 34, 28 U.S.C.A. Generally, it requested the production for inspection and copying of unprivileged documents (unspecified) relating to matters set forth in the Amended Complaint in the possession, custody or control of plaintiff. Requests 1, 2 and 3 related to the period from January 1, 1957 to January 3, 1962.

Request 1 called for all statements of persons interviewed and reports thereof by Government agents on any matter relating to the Amended Complaint upon which plaintiff will rely at trial.

Request 2 called for all written answers to questionnaires concerning any matters alleged in the Amended Complaint.

Request 3 was for records for material handling equipment described in paragraph 8 of the Amended Complaint.

Request 4 called for all documents, etc. in possession or control of plaintiff upon which it would rely to prove matters alleged in eleven specified paragraphs or sub-paragraphs of the Amended Complaint.

Request 5 was for all reports, etc. indicating relative position of Dempster Brothers in the material handling equipment market in the period June 30, 1954 to January 3, 1962.

And, Request 6 was for all reports, etc. indicating the production and sales figures of other manufacturers of trash and refuse handling equipment.

The plaintiff objected to Requests 1, 3, 4 and 5 on the ground that they called for documents which were the work product of plaintiff's attorneys and/or their contents the subject of the informers' privilege. Items in Requests 2 and 6 it objected to as not being in its custody or control.

■ Of course, plaintiff cannot be ordered to produce items not in its possession, custody or control. Knight-Morley Corporation et al. v. Electroline Mfg. Co., D.C., 10 F.R.D. 400.

■ As to Requests 1, 3, 4 and 5, they are not sufficiently specific for the Court to rule with certainty either as to the motion or the objections thereto. Rule 34 states in part:

"Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce * * * by or on behalf of the moving party * * * any *designated* documents * * * not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) * * *." (Emphasis added)

It occurs to the Court that some of the items requested may not be subject to the informers' privilege or to the protection afforded the work product of the attorney. See United States v. Swift & Company, 24 F.R.D. 280 (D.C.Ill.) But it cannot be sure of this in the absence of greater specificity as to the items desired. If defendants cannot now name these

documents, there are procedures for ascertaining them.

It is, therefore, ORDERED that defendants' motion be, and the same hereby is, denied in its entirety, but without prejudice to defendants to renew their requests at such times as the desired items may be designated with certainty.