UNITED STATES of America, Plaintiff,

v.

BECTON, DICKINSON AND COMPANY, Defendant.

Civ. A. No. 567-60.

United States District Court
D. New Jersey.
April 26, 1962.

David M. Satz, Jr., U. S. Atty., Charles L. Beckler, Washington D. C. Bar, Dept. of Justice, for the Govt.

Toner, Crowley, Woelper & Vanderbilt, by Willard G. Woelper, Newark, N. J., for defendant.

WORTENDYKE, District Judge.

On defendant's motion for leave to inspect and copy documents under F.R. Civ.P. 34, 28 U.S.C.:

This is a Government civil antitrust action to enjoin violations of sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1, 2. Prior to the commencement of this action, the Government caused an investigation of practices prevailing in the hypodermic syringe industry to be made, and in pursuit of that investigation, availed itself of the facilities of the Federal Grand Jury convened in this District. During the course of that Grand Jury investigation, many documents were subpoenaed duces tecum from the possession of the defendant. No indictment was returned.

▋ Defendant now has noticed a motion, which was returnable on March 26, 1962, but which was heard on April 9, 1962, seeking an order requiring the Government to produce, on or before a designated date thereafter, and permit the defendant to inspect and copy, certain categories of documentary material. Movant rests this motion upon the provisions of Rule 34 of the Federal Rules of Civil Procedure, which provides that "[u]pon motion of any party showing good cause therefor * * *, the court in which an action is pending may * * * order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control; * * *." Rule 26(b) permits the examination of a deponent regarding any matter not privileged relevant to the subject matter involved in the pending action, whether relating to the claim of the defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of the person or persons having knowledge of relevant facts. The scope of discovery embodied in the provisions of Rule 26(b) is applicable also to the scope of permissible inquiry of the interrogatories authorized by Rule 33. Thus, whether a particular document exists, what its nature may be, and in whose custody it may lie, may be readily ascertained either through deposition, or by interrogatory. The scope and effect of Rule 34, however, is definitely different from that of Rules 26 or 33. This difference is to be found in certain critical words employed in the language of Rule 34, viz.: a showing of good cause and a designation of the document sought to be inspected and copied.

We turn, therefore, to the defendant's notice of motion in this regard, and find that it seeks to inspect and/or copy documents, and the like, which it has placed in three separate categories, viz.:

(1) those obtained by the plaintiff through seizure or process in the

process in the course of the Grand course of the Federal Grand Jury investigation, or of plaintiff's preparation for trial;

(2) those obtained by plaintiff in any manner other than by seizure or Jury investigation or of plaintiff's preparation for trial; and

(3) those "memoranda, correspondence or other documents listing or otherwise 'identifying' " those of the first and second categories which have been returned by plaintiff to the persons from whom the plaintiff obtained them, without retention of copies.

From the second category mentioned, defendant excepts memoranda prepared by counsel for the plaintiff, or representatives of the Federal Bureau of Investigation, as well as narrative statements of persons or memoranda of interviews.

The plaintiff opposes defendant's motion upon the following stated grounds:

(1) defendant's failure to demonstrate good cause for the production of the documents sought;

(2) its failure to specifically designate the documents sought; and

(3) its lack of right to any document which is the work product of the Government's attorneys or is subject to the informer privilege.

The motion in question is denied.

■■ Rule 34 has been judicially interpreted so frequently that the principles applied to such interpretation have become elementary. In the last analysis, the clear and obvious meaning of the language employed in the Rule precludes the right of the present movant to require the Government, over the latter's objection, to permit the defendant to search through a mass or masses of documents in the plaintiff's possession, of different categories, for the obvious purpose of ascertaining what those documents are, and what they contain. The Rule expressly states that a party who seeks the relief afforded thereby must (1) designate the particular document desired, and (2) show good cause why an inspection of that document by the movant should be permitted. Defendant here has failed to comply with these two essential criteria in its efforts to obtain an inspection of the plaintiff's documents. In effect, defendant is seeking the right to explore the plaintiff's documentary possessions for the purpose of finding out what evidence, if any, they contain, either in support of the plaintiff's case, or that of the defendant. A motion under Rule 34 may not be treated as an application for an order permitting a search of the adversary's prospective documentary evidence. In its simplest aspect, Rule 34 says to a party that if you seek a particular document in the possession of your adversary, and can show the Court that there is good cause why you should be permitted to examine it, the Court may grant you the right to do so. The Rule does not contemplate that a party may obtain a permit to explore the documents in the possession of his adversary in the hope that he may find something which may adversely affect the adversary's case, or that may prove helpful to the case of the movant.

■ While the spirit of the Federal Rules of Civil Procedure favors maximum mutual disclosure of evidence between litigants, the particular Rule which the defendant invokes on this motion may be availed of by the respondent to require the movant to establish the two critical essentials to the granting of the relief sought.

An order may be presented in accordance with the views herein expressed.