397 P.2d 624

The **INDUSTRIAL COMMISSION**
of Arizona, Petitioner,

v.

The Honorable William A. HOLOHAN,
Judge of the Superior Court, Maricopa
County, State of Arizona, Division 16, and
James B. GARDNER, d/b/a Mesa Lumber
and Supply Co., Respondents.

No. 8365.

Supreme Court of Arizona.

En Banc.

Dec. 23, 1964.

Ralph E. Mahowald, Jr., Phoenix, for petitioner; Richard J. Daniels, Frank Eugene Murphy, Jr., James S. Tegart, Robert A. Slonaker, and Edgar M. Delaney, Phoenix, of counsel.

Lewis, Roca, Scoville, Beauchamp & Linton, and Nathan Holt and Roger W. Kaufman, Phoenix, for respondents.

STRUCKMEYER, Justice.

The Industrial Commission of Arizona petitioned this Court for a writ of prohibition seeking to restrain respondent, Judge of the Superior Court in Maricopa County, Arizona, from enforcing his order that petitioner make available for inspection the whole of the Industrial Commission's file No. AW 48382–S. Based on the material facts hereinafter set forth, we accepted jurisdiction.

The Industrial Commission as plaintiff brought an action as subrogee pursuant to the authority of A.R.S. § 23–1023 against James B. Gardner, dba Mesa Lumber and Supply Company, and others, seeking to recover from them as third party tortfeasors the amount an injured employee, Charles Sullivan, elected to take as compensation. Respondent James B. Gardner moved in the superior court to produce the entire claim file of the Commission. The motion was made pursuant to Rule 34, Rules of Civil Procedure, 16 A.R.S., which in its relevant part is identical to Rule 34 of the Federal Rules of Civil Procedure. It provides:

"Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(c), the court in which an action is pending may:

"(1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any *designated* documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody or control." (Emphasis supplied.)

It is not claimed that respondents failed to state good cause under the above rule, the only issue being whether a designation of a specific file is sufficient to satisfy the

requirements of the rule as it has been interpreted by this Court and the federal courts. In Dean v. Superior Court, 84 Ariz. 104, 324 P.2d 764, 73 A.L.R.2d 1, Rule 34 was discussed at length. There, as here, we took jurisdiction because of the claim that respondent acted in excess of his jurisdiction in that the court below was wholly without discretion to grant an order of such general and sweeping effect.

We said in Dean v. Superior Court:

"It is an essential element of a motion to produce documents that those documents be designated with some reasonable degree of particularity and with such a description that will apprise a man of ordinary intelligence of the document desired." 84 Ariz. 104, 109, 324 P.2d 764, 767.

We further said:

"A blanket request for all written statements, all memoranda and all other documents, is not sufficient because it lacks specificity and is too sweeping and undetailed to comply with requirements as to designation." 84 Ariz. 104, 109, 110, 324 P.2d 764, 768.

We recognize that situations may exist where records are voluminous and where it may be impossible to specifically designate each document sought and that in such instances the trial court could properly treat designation by categories as sufficient *"so long as the category itself is sufficiently defined."* (84 Ariz. 104, 110, 324 P.2d 764, 768.)

An examination of the authorities establishes that there are two views concerning the extent to which a party must designate to be within the scope of the rule. Neither permits the broad discovery ordered here.

Many cases hold that the designation under the rule must be sufficiently precise in respect to each document or item of evidence sought to enable the opposing party to go to his files and without difficulty pick out the document or other item requested; e. g., United States v. Becton, Dickinson & Co., D.C., 30 F.R.D. 132; United States v. National Steel Corp., D.C., 26 F.R.D. 607; Service Liquor Distrib., Inc. v. Calvert Distillers Corp., D.C., 16 F.R.D. 344; Hare v. Southern Pac. Co., D.C., 9 F.R.D. 307; Ohmer Corporation v. Duncan Meter Corporation, D.C., 8 F.R.D. 582; Forstmann Woolen Co. v. Manufacturers Retail Men's Stores, Inc., D.C., 6 F.R.D. 224; United States v. American Optical Co., D.C., 2 F.R.D. 534.

A strict interpretation of the rule permits the party against whom the order is directed to object to the production with ease and dispatch. A court may then, without the necessity of examining the item sought, satisfy itself that the grounds urged against production exist. Moreover, a strict interpretation permits compliance with the court's order so that a party is not sub-

jected to the sanctions set forth in Rule 3‰.

The more liberal view permits designation by categories so long as the categories themselves are appropriately and sufficiently defined. United States v. Grinnell Corporation, D.C., 30 F.R.D. 358; Dynatron Corp. v. United States Rubber Co., D.C., 27 F.R.D. 480; Roebling v. Anderson, 103 U.S. App.D.C. 237, 257 F.2d 615; Hawaiian Airlines v. Trans-Pacific Airlines Ltd., D.C., 8 F.R.D. 449; United States v. United Shoe Machinery Corporation, D.C., 76 F.Supp. 315; United States v. United States Alkali Export Ass'n., D.C., 7 F.R.D. 256.

█ As can be seen from the quoted portion of Dean v. Superior Court, supra, this Court is committed to the liberal view of designation by categories where under the circumstances records are voluminous and hence it may be impossible to specifically designate each document sought. Obviously categories may be narrow or broad. The essential factor is that the category itself be sufficiently defined to the end the parties and the court may understand with certainty the nature of the demand. The basis of the rule was aptly stated in Dynatron Corp. v. United States Rubber Co., 27 F.R.D. 480, 481:

"* * * there must be at least a designation by categories and the categories must be defined with sufficient particularity (i) to enable the opposing party intelligently to state any grounds of objection it may have to the requested production, and (ii) to enable the Court intelligently to rule on such objections."

In the instant case, respondent asserts that it has specifically designated a single file by its case number and that this satisfies the specificity requirements of Rule 34. But it is apparent that respondent's designation of a case file gives less than lip service to the principle enunciated in Dean v. Superior Court, supra. The motion to produce is the blanket request expressly prohibited by that decision.

There is not, in respondent's motion, a class or division formed by related attributes such as papers, books, accounts, photographs, etc., required by the rule. Palpably the categories enumerated in the rule are lumped together as one. Under such a designation, the opposing party can only, with great difficulty, challenge the sufficiency of the motion. In nearly every instance it would require a litigant opposing the motion to appeal to the court with the resulting waste of both the court's and counsels' time on a matter which should be in the main perfunctory.

█ Judge Rifkind said in United States v. United States Alkali Export Ass'n., 7 F.R.D. 256, 258:

"A request for all documents in the possession of an adverse party relating

to a particular matter is not sufficiently specific to come within the requirement of Rule 34."

Here the request for the entire file of opposing party is a request for all the documents in the possession of the adverse party. See e. g. *United States v. Dempster Brothers, Inc.*, D.C., 31 F.R.D. 207; *International Commodities Corp. v. International Ore and Fertilizer Corp.*, D.C., 30 F.R.D. 58. We hold that a request for the production of a litigant's entire file is not authorized by the rule.

It is emphasized again, as in Dean, that where a movant is unable to specifically designate the matters sought the proper procedure is:

"If movant does not have sufficient information to designate or describe documents desired or to allege that they are in the control of an adversary, he may take depositions under Rule 26 or proceed by interrogatories under Rule 33 to acquire the necessary information as to the existence, description, custody and location of such documents in order that he can properly designate them. * * *" Barron & Holtzoff, Wright Ed., Federal Practice and Procedure, Vol. 2A, 458.

There has been assumed in the foregoing discussion that the Industrial Commission's files are not records open to the public as set forth in A.R.S. § 39–121, 1956. That section provides, insofar as pertinent:

"Public records and other matters in the office of any officer at all times during office hours shall be open to inspection by any person."

We think the records of the Industrial Commission's proceedings, orders and awards must be considered as public records. But information which is not collected to serve as a memorial of an official transaction or for the dissemination of information is private except as to a claimant or parties within the meaning of A.R.S. § 23–961 A, 1 and 2. *Barber v. State,* 47 Ariz. 294, 55 P.2d 654; cf. *Mathews v. Pyle,* 75 Ariz. 76, 251 P.2d 893. Manifestly much of the Commission's file is collected and used for the purpose of settling the claim of a compensation claimant. This information is protected from the prying of unauthorized individuals to the same extent as the records of a private person.

It is ordered that the permanent writ issue.

UDALL, C. J., and BERNSTEIN and SCRUGGS, JJ., concurring.

LOCKWOOD, Vice Chief Justice (dissenting).

I cannot concur with the majority in the foregoing opinion, for the reason that this

Court did not have a sufficient record before it to justify its interpretation of Rule 34.

The record of the trial court is as follows: the respondent, the defendant Mesa Lumber & Supply Company, (referred to as Mesa Lumber), moved for production of a specific file of the Industrial Commission of Arizona, the plaintiff and petitioner here, (referred to as the Commission). The motion and attached affidavit were in the following words:

"COMES NOW defendant James B. Gardner dba Mesa Lumber and Supply Company, and moves the court for an order requiring plaintiff to produce at a time certain, for inspection by defendant's counsel, the whole of the Industrial Commission file No. AW48382 in regard to Charles Sullivan. This motion is made under the authority of Rule 34, Rules of Civil Procedure, and is based upon the affidavit of Nathan Holt attached hereto showing good cause for the production of these documents.

"Respectfully submitted

"LEWIS ROCA SCOVILLE

BEAUCHAMP & LINTON

"By s/ Nathan Holt
Attorneys for Defendant
Gardner"

"AFFIDAVIT
"STATE OF ARIZONA ⎱
"County of Maricopa ⎰ ss.

"NATHAN HOLT, being first duly sworn upon oath, deposes and says:

"That he is one of the attorneys for defendant James B. Gardner in Cause No. 155685 now pending in the Superior Court of Maricopa County, Arizona; that in the complaint on file in said action the Industrial Commission of Arizona seeks to recover from defendant moneys allegedly paid to one Charles Sullivan for accident benefits and compensation pursuant to the provisions of Section 23–106, Arizona Revised Statutes; that among the issues involved in this litigation would be the reasonableness and necessity of medical expenses, the employment of Charles Sullivan, the basis for computation of accident benefits and compensation, and the legality of any payments made by the Industrial Commission of Arizona.

"That your affiant is informed and believes and, therefore, alleges that documents pertaining to these various issues and other issues involved in this litigation are contained in the Industrial Commission file of Charles Sullivan; that affiant has no access to that file and it is necessary that he have the opportunity to review same in order to

**128**

properly prepare the defense of the pending litigation.

"s/ Nathan Holt

"Subscribed and sworn to before me this 2nd day of March, 1964.

"s/ Silveria Widmer

Notary Public

"My commission expires
April 30, 1967."

The Commission filed its objections to such motion in the following words:

"COMES NOW the plaintiff by its attorney and objects to the Motion for Production made herein by the defendant above named on the grounds that said motion and supporting affidavit are too general in nature and that the plaintiff herein is at a loss to know, at this time, the exact documents and things to which the defendant refers in his Motion for Production.

"Therefore, plaintiff, The Industrial Commission of Arizona, objects to said Motion for Production and prays that the Court either strike the Motion or enter its order directing the defendant to name the particular documents or things contained in The Industrial Commission file referred to in said Motion for Production.

"AUTHORITY

"Dean v. Superior Court of Maricopa County, 84 Ariz. 104, 324 P.2d 764 (1958).

"Respectfully submitted,
"s/ Frank Murphy

Attorney for Plaintiff
1616 West Adams Street
Phoenix, Arizona"

There was no formal written order on the motion, but the court's minute entry reads as follows:

"Re: Motion for Production and Inspection of File.

"Respective counsel are present and argue to the Court.

"It is ordered that the Motion of the defendant for Production of Documents is granted.

"Further Ordered that the plaintiff shall make available for inspection by counsel for the defendant on May 4, 1964 at 10:00 a. m., in the office of legal counsel for the plaintiff, the Industrial Commission File designated as #AW48382."

The Commission relied on the Dean case (cited in the majority decision, supra) as authority to support its objections that the motion and supporting affidavit were too general, and that the Commission was at a loss to know the exact documents and things referred to in the motion. The objection that it was "too general", so that the Commission could not know to what "exact" documents Mesa Lumber referred, evades the request, which was for the complete specified file. That such file probably

contained other information not relevant to the particular lawsuit was not the basis of the Commission's claim in the trial court— although when the Commission petitioned this Court it was so urged in petitioner's application. It has been held in Roebling v. Anderson, 103 U.S.App.D.C. 237, 257 F.2d 615 (1958), that a motion to produce certain files was proper—even though a file category referred to as "legal" actually did not exist as one independent file, but consisted of documents scattered through several other files. Cf. United States v. Gates, 35 F.R.D. 524 (D.C.Colo.1964). Hence the designation of a specific file is not "so broad and sweeping in scope" as the demand for production considered in the Dean case.

The effect of the majority holding is that the trial court either exceeded its jurisdiction or abused its discretion in granting the motion to produce the particularly specified file of the Commission. There is nothing in the trial court record to indicate that the Commission or the court were not informed of the object which was requested to be produced. If the Commission objected on the grounds that the file contained matters of privilege, it does not appear in the record. Nor does it appear anywhere in the record whether the file contained "public records" or records which were those of a "private person". It may be that this evidence was presented to the trial court— it may be that it was not. On the record, we can only guess or speculate, and have no basis for determining whether the trial judge either considered or failed to consider such objections.

The majority opinion also makes sweeping assertions as to what records in the Industrial Commission's files may be open to public inspection. Again, since nothing factual was presented to the court regarding the contents of this particular file, or of any claimant's file, I feel this court has gone beyond the record into the field of surmise and speculation to reach its conclusions. Doubtless, guide-lines for the trial courts in passing upon discovery procedures are important, but I believe they should be laid down only when this court has before it a sufficient record from the trial court upon which to base its legal conclusions, and to determine whether the trial court abused its discretion or exceeded its jurisdiction.