402 P.2d 233

**PHOENIX GENERAL HOSPITAL, a corporation, et al., Petitioners,**

v.

**SUPERIOR COURT OF MARICOPA COUNTY, Arizona and the Honorable Frank X. Gordon, Jr., one of the Judges thereof (visiting from Mohave County, State of Arizona) et al., Respondents.**

**No. I CA–CIV 126.**

Court of Appeals of Arizona.

May 27, 1965.

Rehearing Denied June 14, 1965.

Carl W. Divelbiss and G. David Gage, by G. David Gage, Phoenix, for petitioners.

Raymond Huffsteter, Leven Ferrin and Alan Philip Bayham, by Alan Philip Bayham, Phoenix, for respondents.

CAMERON, Judge.

In an original proceeding initiated in this court, petitioners, Phoenix General Hospital and members of the board of Phoenix General Hospital and officers, sought a writ of prohibition against respondent, the Honorable Frank X. Gordon, Jr., visiting Judge from Mohave County, State of Arizona, sitting as a judge of the Superior Court of Maricopa County.

Petitioners are defendants in a suit wherein the plaintiffs allege, among other things, that the defendants as members

of the board of trustees of Phoenix General Hospital,

"have secured to themselves secret profits by using said control to direct the business dealings of the corporation into other organizations and businesses in which one or more of said defendants have conflicting interest: that by virtue of the aforesaid, a cause of action has accrued in favor of Phoenix General Hospital against the other defendants herein, but Phoenix General Hospital refuses to enforce said rights."

It is alleged that plaintiffs are all members of the active medical staff of the said defendant, Phoenix General Hospital. Plaintiffs have filed, in the court below, "a motion to produce and for inspection of books" reading in part as follows:

"Comes now the plaintiffs, by and through their attorneys of record, and move the court for an order requiring the defendant, Phoenix General Hospital, Inc., to produce the books and records of the defendants concerning the financial operation of said defendant since the incorporation of said defendant for inspection, copying and/or photographing by John F. Lucas, a certified public accountant, representing the plaintiffs, upon the grounds and for the reasons of such inspection is irrelevant (sic) and material to the issues involved in this litigation, and necessary for plaintiffs to prepare for trial."

Petitioners point out that said corporation was organized in 1952, and that such a sweeping motion to produce does not comply with Rule 34 of the Rules of Civil Procedure, 16 A.R.S. Both petitioner and respondent cite the cases of Dean v. Superior Court, 84 Ariz. 104, 324 P.2d 764, 73 A.L.R.2d 1 (1958), and Industrial Commission v. Holohan, 97 Ariz. 122, 397 P.2d 624 (1964), and respondents further rely upon A.R.S. Section 10–175 as authority for their position.

Rule 34, Rules of Civil Procedure, provides as follows:

"Upon motion of any party showing good cause therefor and upon notice to all parties, and subject to the provisions of Rule 30(c), the court in which an action is pending may: (1) Order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any *designated* documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control." (Emphasis supplied).

The question before us is whether or not the court below acted in excess of his jurisdiction in that it was wholly without discretion to grant an order of such general and sweeping effect. Our Supreme Court said in Dean v. Superior Court:

"It is an essential element of a motion to produce documents that those documents be designated with some reasonable degree of particularity and with such a description that will appraise a man of ordinary intelligence of the document desired." 84 Ariz. 104 at 109, 324 P.2d 764, at 767.

The Court further said in the Dean v. Superior Court case:

"A blanket request for all written statements, all memoranda and all other documents, is not sufficient because it lacks specificity and is too sweeping and undetailed to comply with requirements as to designation." 84 Ariz. 104 at 109, 110, 324 P.2d 764, at 768.

In Industrial Commission v. Holohan, supra, the Arizona Supreme Court discussed the liberal view which permits designation by categories so long as the categories themselves are appropriately and sufficiently defined. Our Supreme Court stated:

"As can be seen from the quoted portion of Dean v. Superior Court, supra, this court is committed to the liberal view of designation by categories where under the circumstances records are voluminous and hence it may be impossible to specifically designate each document sought. Obviously categories may be narrow or broad. The essential factor is that the category itself be sufficiently defined to the end the parties and the court may understand with certainty the nature of the demand. The basis of the rule was aptly stated in Dynatron Corp. v. United States Rubber Co., [D.C.] 27 F.R.D. 480, 481: '* * * there must be at least a designation by categories and the categories must be defined with sufficient particularity (i) to enable the opposing party intelligently to state any grounds of objection it may have to the requested production, and (ii) to enable the Court intelligently to rule on such objections.'" 97 Ariz. 122, 397 P.2d 624 at 626.

The Court also said:

"We hold that a request for the production of the litigant's entire file is not authorized by the rule." 97 Ariz. 122, 397 P.2d 624 at 626.

■ In the instant case, the plaintiffs below are asking for "books and records of the defendant concerning the financial operations of said defendants since the incorporation of said defendant." This is not merely the request for a litigant's entire file which our Supreme Court has specifically stated is not authorized by the rule, but goes much further. It asks for all of the books and records of the defendant since it was incorporated in 1952. This motion to produce is a blanket request expressly prohibited by the decision in Dean v. Superior Court and in the Industrial Commission v. Holohan case, and we hold that the motion is not authorized by the rule.

■ Plaintiff-respondents assert that according to A.R.S. § 10–175, that the plaintiffs being members of the defendant corporation, are entitled, as a matter of right, to look at the books and records of the corporation. The pertinent portion of A.R.S. § 10–175, as amended, reads as follows:

"B. The share register or duplicate share register, the books of account, and minutes of the proceedings of the shareholders and the board of directors and of executive committees of the directors of every domestic corporation and of foreign corporations keeping any such records in this state shall be open to inspection upon the written demand of any shareholder or holder of a voting trust certificate at any reasonable time, for a purpose reasonably related to his interests as a shareholder or as the holder of such a voting trust certificate. * * *"

We do not feel that this statute is applicable to the facts of the case at bar.

Phoenix General Hospital is a non-profit corporation formed pursuant to A.R.S. Section 10–451 et seq., and said corporation does not have the shareholders or stockholders, but instead is operated as a membership corporation. Plaintiffs are not shareholders. They are members of a non-profit hospital corporation, and as such, plaintiffs are not within the coverage of A.R.S. Section 10–175.

■ Even if we extend the provisions of A.R.S. § 10–175 to include members as well as shareholders, we are still faced with the problem as to what they are entitled to inspect under said statute. The statute in question states, "books of account", and we feel that this is a more restrictive phrase than the phrase "books and records" which the plaintiffs request in order to inspect. As was suggested in the

Industrial Commission v. Holohan case, when the respondents, by way of depositions or interrogatories, find out exactly what they want in the way of "books and records", then at that time the trial court can determine whether each item sought is or is not producible under A.R.S. § 10–175, if it is applicable or under Rule 34 of the Rules of Civil Procedure.

It is ordered that the permanent writ issue.

STEVENS, C. J., and DONOFRIO, J., concurring.