571 P.2d 696

**SOUTHERN PACIFIC TRANSPORTA-TION COMPANY, Petitioner,**

v.

**The Honorable Gilbert VELIZ, Pima County Superior Court Judge, Respondent;**

**David YOUNG and Florence Young, husband and wife, Real Parties in Interest.**

No. 2 CA–CIV 2623.

Court of Appeals of Arizona, Division 2.

Sept. 14, 1977.

Rehearing Denied Oct. 19, 1977.

Review Denied Nov. 15, 1977.

---

Bilby, Shoenhair, Warnock & Dolph, P. C. by Barry M. Davis and Richard M. Bilby, Tucson, for petitioner.

Barber, Haralson & Kinerk, P. C. by George Donaldson and Dale Haralson, Tucson, for real parties in interest.

## OPINION

HOWARD, Chief Judge.

Petitioner brings this special action to challenge an order of the respondent forcing it to answer various interrogatories and to produce a file and lease agreements. Discovery matters are properly entertained in special actions, *City of Phoenix v. Peterson,* 11 Ariz.App. 136, 462 P.2d 829 (1969) and since we believe the respondent abused his discretion in ordering discovery beyond permissible bounds, we choose to take jurisdiction and grant relief.

The subject litigation arises out of an automobile-train collision at the West Simpson Street crossing on May 9, 1971. The question involved in the lawsuit is whether petitioner was negligent in maintaining its crossing, thereby causing injuries to the real parties in interest. Two sections of interrogatories are questioned as being proper: (1) Interrogatories F–17, F–23(b) and F–24(b) attempt to elicit information regarding amounts paid out by petitioner for settlement of claims arising out of automobile-train collisions generally; (2) Interrogatories J–5 through J–15 which seek information regarding the assets of Southern Pacific Company, its subsidiaries, dividends paid to common stockholders, dividends paid to preferred stockholders, the par value of common and preferred stocks, and other corporate financial matters.

Relevancy is the standard in judging the propriety of interrogatories. Moore, Federal Practice and Procedure, § 43.15. It is uniformly recognized that offers of settlements of similar claims with other parties, even if arising out of the same fact situation, are inadmissible and irrelevant. Udall, Arizona Law of Evidence, § 97. In the present case, the information sought by the real parties in interest does not refer to the same collision, or to the same crossing, but to settlements generally over the system. There may have been many reasons why petitioner settled other cases for various amounts, and we do not see the relevancy of those settlements to this litigation. The real parties in interest contend that the figures would help them

ascertain whether the railroad was aware that substantial bodily harm and death could be involved in a continued practice of failing to gate many of its crossings. However, the mere fact that the railroad has paid out sums for failure to gate other crossings does not mean it was negligent in failing to gate this particular crossing. The real parties in interest also contend that the information would be relevant to a determination of the amount of punitive damages to be levied against the railroad should such damages be awarded. Again, the mere fact that the railroad has paid out sums in the past for whatever reasons, does nothing to show negligence let alone gross negligence on its part in the present case nor does it determine suitable figures for punitive damages purposes. These interrogatories were irrelevant and it was error for the trial court to order their answers.

■ The second group of interrogatories in question, J–5 through J–15 concern the economics of the railroad company and its subsidiaries. The real parties in interest claim the figures are needed to determine adequate punitive damages should such damages be awarded. We do not agree. The real parties in interest are entitled to know the assets and liabilities of petitioner and its annual earnings. The interrogatories J–5 through J–15 are irrelevant.

■ The next piece of material sought by the real parties in interest is the general manager's order (GMO) file, a compendium allegedly containing all railroad correspondence and research regarding a particular crossing. Such a broad request for production has been disallowed in *Industrial Commission v. Holohan,* 97 Ariz. 122, 397 P.2d 624 (1964). The court in *Holohan* quoted language from *Dean v. Superior Court,* 84 Ariz. 104, 324 P.2d 764 (1958):

" 'It is an essential element of a motion to produce documents that those documents be designated with some reasonable degree of particularity and with such a description that will apprise a man of ordinary intelligence of the document desired.'

\* \* \* \* \* \*

'A blanket request for all written statements, all memoranda and all other documents, is not sufficient because it lacks specificity and is too sweeping and undetailed to comply with requirements as to designation.' " 84 Ariz. 104, 109–110, 324 P.2d 764, 768.

Both *Holohan* and *Dean* recognize that the proper manner of proceeding in such a situation is to take depositions or proceed by interrogatories to determine with specificity the documents and/or any other information which may be sought in order to avoid such a blanket request where the opposing litigant would be forced to disclose irrelevant information. Such discovery methods would be suitable here to determine the contents of the GMO file and which specific documents should be sought with a discovery order.

■ A similar argument pertains to the real parties in interest's request for the railroad's lease agreements effective from 1960 to the present time relating to property within a ¼ mile radius of the West Simpson Street crossing. The real parties in interest claim that production of this file is necessary because it may contain information regarding highway grade crossing recommendations, special considerations to nearby conditions such as industries, truck traffic and other factors. Again, this information can be adequately ascertained by a specific request for production or by interrogatories. To ask for all the leases within such an area is to demand irrelevant information from the railroad, information which is way beyond the scope of the point involved herein.

The discovery order of the respondent court is hereby vacated.

HATHAWAY and RICHMOND, JJ., concur.